ROY M. JOHNSTON, Plaintiff-Appellant, v. TRI-CITY BLACKTOP, INC., *et al.*, Defendants-Appellees (Tim W. Downing, d/b/a Tim W. Downing, Architect, AIA, Defendant).

Third District   No. 3—90—0756

Opinion filed August 14, 1991.

Alan G. Blackwood, of Blackwood, Nowinski, Huntoon & Swanson, P.C., of Moline (Robert P. Swanson, of counsel), for appellant.

Ralph W. Heninger, of Heninger & Heninger, of Davenport, Iowa, for appellee Tri-City Blacktop, Inc.

Katz, McAndrews, Balch, Lefstein & Feiweger, of Rock Island (Robert T. Park, of counsel), for appellee Ken Curry Construction, Inc.

JUSTICE McCUSKEY delivered the opinion of the court:

The plaintiff, Roy M. Johnston, appeals the Rock Island circuit court's orders granting summary judgment as to counts I, III and V, and dismissing count IV of plaintiff's complaint. We affirm.

Plaintiff owns the Kennedy Square Shopping Center in East Moline, which was built in 1978. Defendant Ken Curry Construction, Inc. (Curry), was the general contractor of the entire project, including the construction of the parking lot, driveways, and ramps. As the general contractor and pursuant to written contract, Curry was responsible for the acts and omissions of his employees, agents and the subcontractors involved in building the shopping center. Defendant Tri-City Blacktop, Inc. (Tri-City), supplied the materials and constructed the parking lot, pavement, driveways and ramps. Defendant Tim Downing was the architect of the project. Downing is not a party in this appeal.

Within a year following completion of the parking lot, certain areas began to crack and break. Plaintiff immediately notified defendants of this deterioration. In 1979, Tri-City repaired the deteriorated pavement pursuant to its written one-year guaranty. However, in 1980, Tri-City refused to undertake similar repairs without compensation. Tri-City contended the one-year guarantee had expired.

By 1983, the pavement continued to further deteriorate. Plaintiff then complained to Downing. Downing advised the plaintiff that because the parking lot had been in place so long, the removal and analysis of core samples would be of little value in determining the cause of the pavement's deterioration. Based on this professional advice, as well as economic circumstances, plaintiff chose not to hire an engineer to remove and analyze core samples from the parking lot.

As time elapsed, continued deterioration occurred. In 1985, plaintiff contacted several local engineering firms to employ one of them to analyze and determine the cause of the deterioration. No local engineering firms could or would determine the cause of the deterioration.

Plaintiff believed that since the firms he contacted were local, they did not want to criticize Tri-City. Plaintiff then hired a Peoria engineering firm, which indicated they could determine the cause of the deterioration by removing core samples from the pavement. In the spring of 1986, the Peoria engineering firm removed and analyzed core samples. They determined the materials originally used in the construction of the pavement were substandard. They concluded this caused the premature deterioration of the parking lot.

Plaintiff filed his complaint shortly thereafter. Count I contained allegations of breach of contract against Tri-City. Counts III, IV and V contained allegations of breach of contract, negligence and vicarious liability against Curry. Count II is of no consequence in this appeal.

The trial court dismissed count IV on the basis that plaintiff could not recover economic damages for Curry's alleged negligence. In so ruling, the trial court applied the *Moorman* doctrine, which generally holds that economic damages are not recoverable in a negligence suit. We agree. *Moorman Manufacturing Co. v. National Tank Co.* (1982), 91 Ill. 2d 69, 435 N.E.2d 443.

The trial court granted summary judgment in favor of defendants as to counts I, III and V on the basis the actions were barred by the two-year statute of limitations. We agree. Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).

■ Plaintiff raises several issues on appeal. Initially, plaintiff contends the trial court erred in dismissing count IV, wherein plaintiff sought to recover repair and replacement damages against Curry for his negligence in overseeing the construction of the pavement. These types of damages are generally regarded as economic damages. Economic damages are considered damages for inadequate value, costs of repair and replacement of the defective product, and consequential loss of profits. (*Moorman Manufacturing Co. v. National Tank Co.*, 91 Ill. 2d at 82, 435 N.E.2d at 449.) Plaintiff claims the trial court's reliance on *Moorman* is misplaced because the present situation is distinguishable from *Moorman*. We disagree. Plaintiff claims *Moorman* involved a defective product, *i.e.*, cracked storage tank, and this matter involves a service, *i.e.*, construction of pavement.

■ The present case is analogous to the case of *2314 Lincoln Park West Condominium Association v. Mann, Gin, Ebel & Frazier, Ltd.* (1990), 136 Ill. 2d 302, 555 N.E.2d 346. In *2314 Lincoln Park West Condominium Association*, a condominium association sued the contractors and architect for defects in the design and construction of the building which caused plaintiff's repair damages. The trial court

properly dismissed the counts of the complaint pursuant to *Moorman*. The trial court then certified the following issue for interlocutory appeal:

> "Should there be an exception to the rule set forth in *Moorman* which would permit Plaintiffs seeking to recover purely economic losses due to defeated expectations of a commercial bargain to recover from an architect or engineer in tort?" (136 Ill. 2d at 306.)

The supreme court held that a suit against architects seeking economic damages in tort is not an exception to the *Moorman* doctrine and will not lie in such circumstances. *2314 Lincoln Park West Condominium Association v. Mann, Gin, Ebel & Frazier, Ltd.*, 136 Ill. 2d at 313-14, 555 N.E.2d at 351.

Plaintiff next contends the trial court erred in granting summary judgment in favor of defendants as to counts I, III and V, based on the expiration of the applicable statute of limitations. We disagree. Summary judgment is an extraordinary measure which should only be granted when the movant's right to judgment is clear and free from doubt as a matter of law. (*Purtill v. Hess* (1986), 111 Ill. 2d 229, 489 N.E.2d 867.) The appropriate standard of review regarding summary judgment is to determine if the trial court properly decided there were no material issues of fact and that judgment was correct as a matter of law. All necessary parties in this case were deposed prior to the trial court granting summary judgment. We find the trial court correctly determined there were no issues involving material facts.

Based upon section 13—214(a) of the Code of Civil Procedure, the applicable two-year statute of limitations expired prior to plaintiff filing his complaint in this cause. (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).) There is no dispute that the applicable and appropriate statute of limitations was the two-year statute contained within section 13—214(a).

Section 13—214(a) provides:

> "Actions based upon tort, contract or otherwise against any person for an act or omission of such person in the design, planning, supervision, observation or management of construction, or construction of an improvement to real property shall be commenced within 2 years from the time the person bringing an action, or his or her privity, knew or should reasonably have known of such act or omission." (Ill. Rev. Stat. 1983, ch. 110, par. 13—214(a).)

Subsequent to the filing of this action, the statute of limitations was extended by our legislature from two years to four years. This

adds some confusion to this issue. (Ill. Rev. Stat. 1989, ch. 110, par. 13—214(a).) However, subsequent legislation extending the statute of limitations should not be applied retroactively to revive a time-barred cause of action unless the legislature indicates otherwise. *Arnold Engineering, Inc. v. Industrial Comm'n* (1978), 72 Ill. 2d 161, 380 N.E.2d 782.

Plaintiff contends the statute of limitations began to run in April 1986 when he was informed by the last engineer he contacted that the materials comprising the pavement were substandard. The trial court disagreed and held the statute of limitations began to run in April 1983 when plaintiff knew or should have known the deterioration of the pavement was unusual and likely actionable. The record reflects plaintiff was aware that his blacktop pavement should last 10 to 15 years. However, plaintiff had immediate and continuous problems with the parking lot. For instance, in 1979, when several pieces of blacktop became totally detached, plaintiff contacted Tri-City to repair the damaged blacktop. The record reflects that soon after the pavement began deteriorating, plaintiff thought Tri-City made mistakes in the construction of the pavement. Plaintiff knew or should have known after talking with various contractors and repairmen that there were serious problems with the asphalt.

The fact that plaintiff did not know the particular or specific reasons for the cause of the deterioration is not important. According to *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 416, 430 N.E.2d 976:

> "At some point the injured person becomes possessed of sufficient information concerning his injury and its cause to put a reasonable person on inquiry to determine whether actionable conduct is involved."

From the record, it appears the the trial judge correctly resolved the statute of limitations issue with respect to counts I, III and V. Accordingly, we affirm the trial court's order of summary judgment.

For the foregoing reasons, the circuit court of Rock Island County is hereby affirmed.

Affirmed.

STOUDER, P.J., and GORMAN, J., concur.