CARRIE BICKERMAN, Adm'r of the Estate of Lawrence E. Bickerman, Deceased, Plaintiff-Appellant, v. JOHN J. WOSIK *et al.*, Defendants-Appellees.

Third District   No. 3—92—0780

Opinion filed May 28, 1993.

Law Office of Jay N. Janssen, of Peoria (Kevin M. Miller, of counsel), for appellant.

Herbolsheimer, Lannon, Henson, Duncan & Reagan, P.C., of La Salle (T. Donald Henson, of counsel), for appellees.

JUSTICE STOUDER delivered the opinion of the court:

Lawrence Bickerman, the decedent, filed a complaint against the defendants, John Wosik, Pat Dobbs, and Jon, Inc., alleging negligence. The complaint contained the following allegations. On February 10, 1989, Bickerman went to the law office of John Wosik. Wosik had placed a sign on the front door directing patrons to use the rear door. Bickerman entered through the rear door and fell down the basement stairs, incurring injuries. The complaint further alleged that the defendants' premises were in violation of various statutory provisions: section 9 of "An Act relating to the investigation and prevention of fire" (Ill. Rev. Stat. 1989, ch. 127½, par. 9), the Code for Safety to Life from Fire in Buildings and Structures, and the BOCA Basic/National Building Code. The complaint alleged, in conclusional fashion, that one or more of those violations directly and proximately caused Bickerman's injuries. Count I of the complaint was directed at John Wosik in his capacity as owner and/or possessor of the premises, count II was directed against Pat Dobbs as owner of the premises, and count III was direct against Jon, Inc., alleging it had a possessory interest in the property.

On May 1, 1992, the defendants moved for summary judgment against Bickerman. In their motion, they pointed out that the complaint pled legal conclusions with respect to causation, without a factual predicate supporting those conclusions. They claimed that the discovery depositions of Lawrence and Carrie Bickerman and John Wosik indicated that there were neither eyewitnesses to the fall nor any circumstantial evidence as to what caused the fall.

On May 3, 1992, Bickerman died and his wife, Carrie Bickerman, was substituted as plaintiff. The complaint was amended to add a wrongful death count.

On September 30, 1992, the court granted summary judgment in favor of the defendants. This appeal followed.

The plaintiff argues on appeal that summary judgment for the defendants was improper because the questions of whether the defendants violated certain building codes and whether those violations proximately caused Bickerman's injuries were questions of fact to be decided by the jury. The defendants respond that, even if they did violate certain building codes, summary judgment was nevertheless proper because there was no evidence that those violations proximately caused Bickerman's injuries.

By statute, summary judgment is to be granted when "the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." (735 ILCS 5/2—1005(c) (West 1992).) Where the evidence before the court in a motion for summary judgment shows that at trial a verdict would have to be directed, summary judgment is proper. (*Fooden v. Board of Governors of State Colleges & Universities* (1971), 48 Ill. 2d 580, 272 N.E.2d 497.) The nonmovant need not prove his case at the summary judgment stage; he must, however, show a factual basis to support the elements of his claim. (*Ralston v. Casanova* (1984), 129 Ill. App. 3d 1050, 473 N.E.2d 444.) Facts, not conclusions, must be presented. (*Wilson v. Bell Fuels, Inc.* (1991), 214 Ill. App. 3d 868, 574 N.E.2d 200.) The appropriate standard of review regarding summary judgment is to determine if the trial court properly decided there were no material issues of fact and that the judgment was correct as a matter of law. *Johnston v. Tri-City Blacktop, Inc.* (1991), 217 Ill. App. 3d 388, 577 N.E.2d 529.

For the purposes of this appeal, we will address the issue as framed by the defendants: assuming for argument's sake that the defendants did violate certain building codes, was summary judgment nevertheless proper? The plaintiff argues that the building code violations were *prima facie* evidence of negligence, that the issue then became one of proximate cause, that the issue of proximate cause was for the jury to decide, and that a two-part test for proximate cause was satisfied. The defendants respond that summary judgment was proper because there was no evidence that the alleged building code violations caused Bickerman's injuries. The plaintiff bases almost her entire case on the following statement made by the First District Appellate Court in *Shehy v. Bober* (1979), 78 Ill. App. 3d 1061, 1067, 398 N.E.2d 80, 85:

"[I]n personal injury cases where liability is grounded in a statutory or ordinance violation, questions of whether a plaintiff comes within the class of persons intended to be protected by the statute or ordinance and whether the injury is of the kind generally intended to be prevented have been dealt with in terms of proximate cause and, as such, are subject to the determinations of the triers of fact."

The plaintiff reads the above language as creating a two-part test for determining proximate cause. According to the plaintiff, the first prong of the test is whether the plaintiff comes within the class of persons protected by the statute, and the second prong is whether the injury is of the kind generally intended to be prevented. The plaintiff claims that satisfying these two prongs establishes proximate cause. The supreme court disagrees.

In *Batteast v. Wyeth Laboratories, Inc.* (1990), 137 Ill. 2d 175, 193-94, 560 N.E.2d 315, 323, the supreme court explained the elements of a *prima facie* showing of negligence based on a statutory violation:

"Under our decisions, a violation of a safety statute or regulation may be *prima facie* evidence of negligence if two conditions are fulfilled. The law must be designed to: (1) protect a class to which the plaintiff belongs, and (2) the injury must have a direct and proximate connection with the regulation. [Citations.] Whether these conditions have been satisfied is a question of law for the court. [Citation.] The plaintiff must also establish that violation was the proximate cause of the injury. [Citation.]"

Thus, the elements the plaintiff refers to as a two-prong test for proximate cause are actually two elements to be considered in determining whether a *prima facie* case of negligence has been established. Proximate cause is a separate and distinct element that also must be established.

There was no evidence in this case to indicate that a building code violation caused the decedent's injuries. The decedent did not remember what caused the fall and there were no eyewitnesses to the fall. Summary judgment was proper because the plaintiff was not able to produce evidence of her claim that the alleged building code violations caused the decedent's injuries. Although the issue of proximate cause is normally one for the jury, it becomes a question of law when the material facts are undisputed and there can be no difference in the judgment of reasonable men as to the inferences to be drawn from them. (*Wilson v. Bell Fuels, Inc.* (1991), 214 Ill. App. 3d 868, 574

N.E.2d 200.) The material facts surrounding the accident are undisputed. Essentially, no one knows what happened. The record does not indicate how the decedent sustained his injuries. Liability may not be based on surmise or conjecture as to the cause of the injuries; proximate cause must be established by a reasonable certainty. (*Lindenmeier v. City of Rockford* (1987), 156 Ill. App. 3d 76, 508 N.E.2d 1201.) Further, no theory can be based on circumstantial evidence unless the facts relied upon are of such a nature and so related to each other that it is the only conclusion that can reasonably be drawn from them. *Krother v. Chicago, Rock Island & Pacific R.R. Co.* (1974), 26 Ill. App. 3d 493, 327 N.E.2d 212.

Because there is no evidence, either direct or circumstantial, from which it could be inferred that building code violations caused the decedent's injuries, summary judgment was properly entered.

Accordingly, the judgment of the circuit court of Marshall County is affirmed.

Affirmed.

SLATER and BRESLIN, JJ., concur.