KENNETH VERKRUYSSE, d/b/a Portland Truck, Trailer and Equipment Sales, Plaintiff and Counterdefendant-Appellee, v. CARL NEESE *et al.*, d/b/a Neese-Kimball Insurance Agency, Defendants and Counterclaimants and Third-Party Plaintiffs-Appellees (Illinois Employers Insurance of Wausau, Third-Party Defendant-Appellant).

Third District   Nos. 3—92—0933, 3—93—0117 cons.

Opinion filed December 2, 1993.

Douglas B. Wexler, of Johnson & Bell, Ltd., of Chicago (Thomas W. Murphy, of counsel), for appellant.

832

Ward, Murray, Pace & Johnson, P.C., of Sterling (John A. Guzzardo, of counsel), for appellee Kenneth Verkruysse.

Bozeman, Neighbour, Patton & Noe, of Moline (J. Sue Myatt, of counsel), for other appellees.

JUSTICE STOUDER delivered the opinion of the court:

Third-party defendant-appellant, Illinois Employers Insurance of Wausau (Wausau), appeals from the granting of summary judgment motions in favor of plaintiff/counterdefendant-appellee, Kenneth Verkruysse, d/b/a Portland Truck, Trailer & Equipment Sales (Portland), and defendants/counterclaimants/third-party plaintiffs-appellees, Carl Neese, Ronald N. Kimball and Howard Neese, d/b/a Neese-Kimball Insurance Agency (Neese-Kimball). We affirm.

The record shows Portland filed a four-count complaint against Neese-Kimball, Portland's insurance broker, alleging various wrongful actions resulting in the loss of workers' compensation coverage. Portland employed Neese-Kimball to procure various types of commercial insurance including workers' compensation coverage. Because Portland's business operations were viewed as posing rather unique risks, workers' compensation coverage had to be procured through the Illinois Assigned Risk Program. By this mechanism, Wausau became the insurer and issued the policy.

On April 11, 1989, the policy was renewed for one year. The estimated premium for the year was in excess of $13,000 and Portland was required to pay $5,527 of that amount as a premium deposit. The balance was to be paid in quarterly installments during the year. (The record indicates the practice was that the broker, Neese-Kimball, calculated the estimated premium due each quarter and made the payments to Wausau. The premium was estimated by the generation of a "report" which reflected the classification of each employee's duties and the amount of each employee's salary during the given quarter.) The July installment was apparently not paid. On August 11, 1989, Wausau sent a notice of cancellation to Portland and Neese-Kimball stating that the policy would be cancelled on August 25, 1989. In the space reserved for the reason for cancellation, the notice stated as follows: "In Accordance with Policy Prov. Past Due 4-11-89/7-1-89 Report."

Wausau cancelled the policy. The record indicates a new policy was subsequently procured from Wausau in November 1989. However, in the interim two of Portland's employees were injured. Wausau

refused to defend or indemnify on the claims. Thereafter, Portland brought its action against Neese-Kimball.

Neese-Kimball filed a motion to dismiss counts I and II which was subsequently granted. No appeal is taken from that ruling. Neese-Kimball also filed a counterclaim against Portland and a third-party complaint against Wausau. Subsequently, Neese-Kimball and Wausau filed cross-motions for summary judgment.

Following a hearing on October 19, 1992, the circuit court granted Neese-Kimball's motion for summary judgment finding that Wausau failed to properly cancel the policy in accordance with the policy's terms, and thus the policy was in full force and effect during the relevant time period. Thereafter, Portland amended its complaint in light of the October 19 ruling and moved for summary judgment. On January 27, 1993, the trial court entered an order granting the motion and granting Portland a judgment in the amount of $35,986.28 plus costs.

On appeal, Wausau contends the circuit court erred in finding the notice of cancellation was insufficient to effect a cancellation of the policy.

A notice of cancellation must conform to the applicable provisions in the insured's policy, and cancellation can only be effected through strict compliance with the terms of the policy. (*Conley v. Ratayzcak* (1980), 92 Ill. App. 3d 29, 414 N.E.2d 500.) Without strict compliance with the cancellation provisions of the policy, there can be no valid cancellation by either the insured or the insurer. *Horan & Co. v. Republic Insurance Group* (1988), 175 Ill. App. 3d 735, 530 N.E.2d 275.

When the facts are undisputed, the question of whether those facts fall within the provisions of an insurance policy is a matter of interpretation, which is a question of law for the court to decide. (*United Farm Bureau Mutual Insurance Co. v. Elder* (1981), 86 Ill. 2d 339, 427 N.E.2d 127.) In that vein, summary judgment is appropriate where the pleadings and depositions on file, together with the affidavits, if any, demonstrate there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. (735 ILCS 5/2—1005 (West 1992); *Continental Mobile Telephone Co. v. Chicago S M S A Limited Partnership* (1992), 225 Ill. App. 3d 317, 587 N.E.2d 1169.) On review, this court determines whether the trial court properly decided there were no material issues of fact and that the judgment was correct as a matter of law. *Johnston v. Tri-City Blacktop, Inc.* (1991), 217 Ill. App. 3d 388, 577 N.E.2d 529.

The only issue before the circuit court in this case was whether the language used in the notice of cancellation complied with the cancellation provisions of the insurance policy. There was no issue as to whether Wausau sent this notice. Nor was there an issue as to whether Portland and Neese-Kimball received the notice. Thus, there was no question of material fact presented.

Section 143.11 of the Illinois Insurance Code (215 ILCS 5/143.11 (West 1992)) requires policies, such as the one in this case, to include a cancellation provision setting out the manner in which such policies may be cancelled. The policy in the instant case stated: "Our notice of cancellation will state our reasons for canceling." The policy set forth six reasons why the policy might be cancelled, including nonpayment of premium. If cancellation was being effected because of nonpayment of premium, the policy stated Wausau would mail a notice of cancellation at least 10 days before cancellation took effect. In all other cases, given the length of time the policy had been in force, notice would be mailed at least 60 days in advance of cancellation.

The notice of cancellation in this case stated: "In Accordance with Policy Prov. Past Due 4-11-89/7-1-89 Report." The notice says nothing about cancellation for nonpayment of premium. The policy explicitly required Wausau to state the reason for cancellation. Wausau, therefore, failed to comply with the cancellation provisions of the policy and the policy remained in effect.

Wausau argues extensively that Portland and, more importantly, Neese-Kimball knew that generation of the report was necessary in order to estimate the amount of premium due and that the report and premium payment went hand-in-hand. Wausau argues Neese-Kimball knew Wausau was referring to nonpayment of premium. However, what Neese-Kimball understood is irrelevant to the question of whether the notice complied with the terms of the insurance policy. It did not.

For this reason, we affirm the judgment of the circuit court of Whiteside County.

Affirmed.

SLATER and BRESLIN, JJ., concur.