BRUCE SWEDIEN, Plaintiff and Counterdefendant-Appellant, *v.* HADLEY SCHOOL FOR THE BLIND, Defendant and Counterplaintiff-Appellee.

First District (5th Division)    No. 78-285

Opinion filed March 30, 1979.

Rotman, Medansky & Elovitz, Ltd., of Chicago (Adrienne J. Hersh, of counsel), for appellant.

Vedder, Price, Kaufman & Kammholz, of Chicago (Richard C. Robin and Robert C. Christenson, of counsel), for appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff, Bruce Swedien, appeals the denial of his motion to vacate an order to dismiss his complaint against defendant, Hadley School for the Blind. He contends that: (1) dismissal of his complaint was an improper sanction for his failure to file a pleading within the time limit prescribed by the trial court; and (2) the trial court abused its discretion when it denied his motion to vacate and for leave to file an amended pleading. We reverse and remand.

On June 21, 1976, plaintiff brought suit against defendant seeking payment on a contract for the sale and installment of a sound system. He alleged that he had purchased the cause of action on February 1, 1973, from Northwest Audio Development for "the consideration of Ten Dollars and other good and valuable consideration." He claimed that the contract had been duly performed by Northwest Audio but that defendant had failed to pay $6,250 of the purchase price. His complaint asked for judgment in that amount and court cost.

Upon stipulation of the parties and under an agreed order of the court, defendant was given an extension of time to answer or otherwise respond to the complaint by August 20. Defendant filed its answer on August 20, denying the essential allegations of the complaint and raising a

number of affirmative defenses. Defendant also counterclaimed against plaintiff, claiming that Northwest Audio had failed to perform the work as agreed. Defendant requested a return of the money for work performed.

On April 18, 1977, the trial court granted plaintiff's motion to file an amended complaint. The amended complaint alleged that in 1972 and 1973, Northwest Audio had furnished additional large amounts of material and labor to defendant. The complaint requested judgment for $8,750 and court costs.

On May 24, defendant filed a motion to strike plaintiff's amended complaint, stating that: (1) neither the written assignment of the cause of action nor the contract were attached to the pleading; (2) the complaint had failed to allege performance of any condition precedent under the contract; and (3) the allegations of additional work and labor and value thereof were vague and conclusory. On July 27, Judge Meyer H. Goldstein entered an order striking the complaint as "substantially insufficient in law," but he granted leave for the plaintiff to amend within 28 days. Additionally, he set the case for trial on October 4.

Plaintiff did not amend his pleading within 28 days and on October 21, defendant filed a motion to strike the complaint and to dismiss the action for plaintiff's failure to comply with the July 27 order. On the same day, counsel for plaintiff moved for an extension of time in which to file the amended complaint on grounds that: (1) plaintiff was out of State and, thus, unable to provide his attorneys with necessary information and (2) plaintiff was not expected to return to Chicago until after Christmas. Additionally, an affidavit of an employee of the law firm representing plaintiff was attached to the motion and stated that she had called plaintiff's office on October 18 and had been told by plaintiff's secretary that he was in New York and would not be returning to Chicago until after Christmas. Judge Lucia T. Thomas denied plaintiff's motion for extension of time to file the second amended complaint and dismissed plaintiff's action for failure to file within the 28-day period. Additionally, Judge Thomas ordered that defendant's counterclaim and plaintiff's answer stand as filed.

On November 3, plaintiff moved to vacate the October 21 dismissal and for leave to file his second amended complaint. Plaintiff's motion did not include a copy of his second amended complaint. On November 23, Judge Gerald L. Sbarboro denied the motion to vacate the October 21 order.

OPINION

Plaintiff contends that the October 21 dismissal of his cause of action was an improper sanction for his failure to file his second amended complaint within the 28-day period allotted by the trial court. He argues

that dismissal of a party's cause of action is a "drastic" punishment and that a lesser sanction would have been more appropriate considering the circumstances of this case. We agree.

■■■ Although we do not condone deliberate or even negligent failure to follow the orders of a trial court (see *Champaign County Bank & Trust Co. v. Brewer* (1978), 63 Ill. App. 3d 490, 380 N.E.2d 54), we believe that the dismissal was too harsh of a sanction in light of the circumstances of this case. Prior to the end of the 28-day period, plaintiff had given every sign of proceeding to trial on his lawsuit. He had filed a complaint, amended complaint, an apparent answer to defendant's counterclaim and had contested all motions at trial. Additionally, he had entered into a stipulation to extend defendant's time to answer or otherwise plead to his first complaint. When defendant moved to dismiss his cause of action on October 21, counsel for plaintiff responded by moving for an extension of time to file the second amended complaint. At that time, he offered an excuse for plaintiff's failure to file on time and came in with an affidavit to corroborate the excuse. Although the excuse admittedly did not state that plaintiff had been out of town during the 28-day filing period, we do not believe that that factor alone should merit a dismissal in this case. Furthermore, plaintiff continued to exhibit an intention to proceed on the suit when he filed his motion to vacate only 13 days after the dismissal.

In light of plaintiff's usual show of diligence, we believe that the interests of justice would be better served if plaintiff were given another opportunity to file. Although his two-month delay in offering an excuse for failing to file within the prescribed time period is to be considered, the delay alone was not so egregious as to merit a dismissal of his cause of action. (*Cf. Shroat v. Robins* (1972), 7 Ill. App. 3d 293, 287 N.E.2d 157 (six-month delay in filing an amended complaint held to be too long).) It was not the type of deliberate, contumacious, or unwarranted disregard of the court's authority which is required to merit a dismissal in other contexts. (*Department of Transportation v. Zabel* (1975), 29 Ill. App. 3d 407, 330 N.E.2d 878 (failure to comply with discovery orders); *Duran v. Chicago & North Western Ry. Co.* (1975), 26 Ill. App. 3d 645, 325 N.E.2d 368 (failure to comply with pretrial order to appear in court on certain date).) Under the circumstances of this case and in light of the still pending counterclaim it would have been more appropriate for the trial court to set a final date for filing an amended complaint in this matter. Then, if plaintiff failed to file his amended complaint, we think that a dismissal would have been properly ordered.

Since the trial court's order of dismissal was error, the trial court abused its discretion when it failed to grant plaintiff's motion to vacate. Therefore, we reverse the trial court's denial of plaintiff's motion and

remand this case with instructions to reinstate plaintiff's cause of action and to set a final date for filing of the second amended complaint.

Reversed and remanded.

SULLIVAN, P. J., and LORENZ, J., concur.