ROBBIE COOK, Adm'r of the Estate of Katalina DeJon, Deceased, Plaintiff-Appellant, *v.* SCHWAB REHABILITATION *et al.*, Defendants-Appellees.

First District (5th Division)   No. 78-1689

Opinion filed September 28, 1979.

Marshall I. Teichner, Ltd., of Chicago (Philip J. Rock and William P. Jones, of counsel), for appellant.

French & Rogers, of Chicago (Richard G. French and Timothy G. Keating, of counsel), for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

Plaintiff appeals the denial of his motion to vacate an order to dismiss his complaint against defendants for failure to answer interrogatories. The sole issue presented for review is whether the trial court's denial of plaintiff's motion to vacate was an abuse of discretion. We reverse and remand.

On November 11, 1976, plaintiff, Robbie Cook, was appointed administrator of the estate of Katalina DeJon. On November 24, 1976, he filed suit on behalf of the decedent against various defendants, including Schwab Rehabilitation Hospital and Dr. Gouri Chadhuri, alleging negligence and malpractice. Counts IV and V of the complaint contain the malpractice allegations involving the defendants, Schwab and Dr. Chadhuri.

The complaint alleged that on November 24, 1974, plaintiff's decedent sustained injuries as the result of a fall down a flight of stairs of a building owned by defendants, Adelor and Laura Storhaugh. In December 1974, the decedent was admitted to Schwab Rehabilitation Hospital (Schwab), under the care of Dr. Chadhuri, and was discharged and sent home on March 10, 1975, while suffering from pneumonia. She died on March 12. Specifically, counts IV and V alleged that the decedent's death was a direct and proximate cause of the negligence of Schwab and Dr. Chadhuri in that they: (1) failed to provide proper medication; (2) failed to provide proper medical nursing supervision and care; (3) failed to provide proper care for plaintiff's decedent as a result of which she contracted a serious pneumonia; (4) failed and neglected to provide necessary physical examinations and doctor's care to decedent when she was obviously in need thereof; and (5) transferred decedent from Schwab to her home while she was suffering from an advanced case of pneumonia.

On May 11, 1977, plaintiff filed his answer to interrogatories propounded by defendants, Mel and Rosee Torres, which contained responses to 51 questions. On July 11, plaintiff filed his answer to interrogatories propounded by defendants, Adelor and Laura Storhaugh, which contained responses to 69 questions.

On August 1, plaintiff obtained a judgment against defendants, Schwab and Chadhuri for failure to appear or answer; however, that judgment was subsequently vacated. On September 12, defendants filed an appearance and interrogatories to be answered by plaintiff. Defendants filed their answer to the complaint on October 12. On November 15, the instant case was dismissed for want of prosecution based on plaintiff's attorney's failure to appear at a pretrial hearing; however, it was reinstated on December 14.

On June 2, 1978, defendants filed a motion to dismiss for failure to comply with discovery procedures. Attached to the motion was a letter dated March 27, 1978, which requested plaintiff's answers to the interrogatories filed on September 12, 1977. On June 2, 1978, following an *ex parte* proceeding, the trial court dismissed plaintiff's cause of action as to defendants, Schwab and Chadhuri, pursuant to Illinois Supreme Court Rules 218 and 219(c). (Ill. Rev. Stat. 1977, ch. 110A, par. 218 and 219(c)). On July 7, plaintiff filed a motion to vacate in addition to his answers to interrogatories; however, the motion was denied. Plaintiff now appeals that order.

OPINION

Plaintiff contends that the trial court's denial of his motion to vacate an order dismissing his complaint for failure to answer interrogatories was an abuse of discretion. He argues, and we agree, that the sanction imposed by the trial court was punitive in nature and the court's refusal to vacate the dismissal order was unjust under the circumstances presented herein.

In the recent decision of *Swedien v. Hadley School For The Blind* (1979), 70 Ill. App. 3d 466, 388 N.E.2d 977, where this court faced a similar situation, we held that the trial court abused its discretion where it had dismissed plaintiff's suit for failure to comply with discovery procedures. There, plaintiff brought an action against defendant to recover the purchase price on a contract for the sale and installment of a sound system. Upon motion by defendant, the trial court entered an order on July 27, 1977, striking plaintiff's amended complaint, but granted leave for plaintiff to amend within 28 days and the case was set for trial on October 4. Plaintiff did not amend his pleadings within the required time period and on October 21 defendant filed a motion to dismiss the action for plaintiff's failure to comply with the July 27 order. On that same day, plaintiff moved for an extension of time within which to file the second amended complaint; however, the motion was denied. Thereafter, plaintiff moved to vacate the dismissal order, but it was likewise denied.

In finding for plaintiff, this court reasoned that the interests of justice would be better served if plaintiff were given another opportunity to file

in light of his prior show of diligence. Furthermore, plaintiff's two-month delay in offering an excuse for failing to file within the required time period was not so egregious as to merit a dismissal of his cause of action.

Similarly, in this case, we do not believe that the dismissal of plaintiff's cause of action was a proper sanction. Although the discovery device involved in *Swedien* was that of an amended pleading and this case involves answers to interrogatories, we find that the rationale in *Swedien* is equally as applicable here.

■■ A review of the record indicates that prior to the delay in question, plaintiff was diligent in proceeding to trial on this lawsuit as evidenced by his filing of the complaint and answers to two other sets of interrogatories. Moreover, we view plaintiff's act of submitting the answers to the interrogatories in question with his motion to vacate 35 days after the dismissal order was entered, as an attempt to demonstrate a willingness to comply with the discovery rules which militates against the severe penalty of depriving plaintiff of all right to be heard on the merits of the case. See, *e.g., Gillespie v. Norfolk & Western Ry. Co.* (1968), 103 Ill. App. 2d 449, 243 N.E.2d 27; *Treadwell v. Chiakmakis* (1978), 61 Ill. App. 3d 125, 377 N.E.2d 1164.

■ The facts also indicate that this case was dismissed for want of prosecution based on plaintiff's attorney's failure to appear at a pretrial hearing and that it was later reinstated. Notwithstanding that dismissal, in addition to plaintiff's delay in answering interrogatories, we find that such actions by plaintiff was not the type of "deliberate, contumacious, or unwarranted disregard of the court's authority which is required to merit a dismissal * * *." (*Swedien*, 70 Ill. App. 3d 466, 468, 388 N.E.2d 977, 979.) Additionally, we note that there was no showing made by defendants of the importance of immediate compliance as they did not move to dismiss the action until seven months after the proscribed filing date.

Therefore, consistent with our holding in *Swedien*, we find that the trial court's order of dismissal was error, and its failure to grant plaintiff's motion to vacate was an abuse of discretion. Accordingly, we reverse the trial court's denial of plaintiff's motion and remand this case with instructions to reinstate plaintiff's cause of action.

Reversed and remanded.

SULLIVAN, P. J., and MEJDA, J., concur.