ALTON PACKAGING CORPORATION, Petitioner-Appellant, v. THE POL-LUTION CONTROL BOARD *et al.*, Respondents-Appellees.

Fifth District   No. 5—85—0659

Opinion filed September 5, 1986.

Richard J. Kissel, Jeffery C. Fort, and Daniel F. O'Connell, all of Martin, Craig, Chester & Sonnenschein, of Chicago, and Karl K. Hoagland and Al J. Pranatis, both of Hoagland, Maucker, Bernard & Almeter, of Alton, for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Roma Jones Stewart, Solicitor General, of Chicago, and Greig R. Siedor, Assistant Attorney General, of Springfield, of counsel), for appellees.

JUSTICE KARNS delivered the opinion of the court:

Alton Packaging Corporation (Alton) appeals requesting administrative review of two orders of the Pollution Control Board (the Board) dismissing and refusing to vacate its dismissal of Alton's petitions for a variance and a site-specific limitation. Ill. Rev. Stat. 1985, ch. 111½, par. 1041.

In February 1983, the Board adopted Rule 204(f) (now codified as 35 Ill. Adm. Code sec. 294.141). This rule established an emission limitation for sulfur dioxide of 1.8 pounds per million British Thermal Units of energy produced (mBTU). On April 13, 1983, Alton filed petitions seeking a five-year variance from the 1.8 pounds/mBTU standard and the establishment of a site-specific emission limitation for the Alton Mill, that is, an emission limitation applicable only to Alton Mill. When Alton's two main coal-fired boilers operated at their maximum rated capacity, they emitted 3,000 pounds of sulfur dioxide per hour. Alton therefore requested an emission rate of 6.8 pounds/mBTU. Because Alton filed its petitions within 20 days of the effective date of Rule 204(f), it received an automatic stay of the emission limitation pending disposition of its petitions. See Ill. Rev. Stat. 1983, ch. 111½, par. 1038(b).

After applying for two extensions of time, the Environmental Protection Agency (the Agency) filed its recommendations to deny Alton's petitions on August 17, 1983. The Agency recommended denial because of the failure of Alton's air-dispersion modeling to show, under "worst case" conditions, that Alton's requested level of sulfur dioxide emissions would not violate Federal and State human-health-related sulfur dioxide ambient air limits.

For the next year, Alton worked with the Agency in revising its modeling study. On June 29, 1984, the Board, noting no activity in the case since August 1983, ordered a hearing to be held on Alton's petitions within 60 days. On July 1, Alton filed a motion to extend the hearing date until October 30, because the hearing officer assigned to the case was unavailable for a hearing within the time set by the Board. Alton also pointed out in its motion numerous discussions with the Agency in attempting to resolve the matter as well as technical problems encountered. The Board granted Alton's motion. A hearing was scheduled for October 25, but was rescheduled to December 7 by the hearing officer.

At the December hearing, Alton presented the conclusions of its revised modeling study through the testimony of its consulting expert. At the end of the hearing, Alton stated it intended to file within the next 30 days amended petitions conforming with the testimony at the hearing. The Agency noted it already had Alton's modeling results and would file an amended recommendation within 30 days after receiving Alton's amended petitions. No amended petitions were ever filed.

In March of 1985, the attorney representing the Agency in this matter was replaced. The new attorney sent a letter to Alton in April asking for clarification of a few technical matters. Alton forwarded this letter to its consultant, but apparently no response was made. The new attorney then entered his appearance on July 19, 1985, and moved to dismiss Alton's petitions for failure to prosecute the matter with diligence. On July 23, the hearing officer scheduled a hearing on Alton's petitions for September 18. On August 1, however, the Board dismissed Alton's case. The Board stated in its order, after noting no further activity in the case since the December hearing, that Alton had sufficient time to present its case and should not be allowed to extend the automatic stay by filing an amended petition. The hearing officer accordingly cancelled the September 18 scheduled hearing.

Alton then filed a motion asking the Board to vacate its dismissal order. The Board denied Alton's motion. Alton now appeals from the Board's orders dismissing its case. In conjunction with its appeal, Alton requested, and has since been granted, a stay of the Board's dismissal order. See 87 Ill. 2d R. 335(g).

The sole issue on appeal is whether the Board erred in dismissing Alton's petitions without a hearing and in refusing to reconsider its decision.

Alton raises, as one of its arguments in support of its position, that the Board had no authority to dismiss the petitions in this instance. Alton argues the Board violated its own procedural rules. The Board counters it has the implicit power to dismiss petitions for lack of diligent pursuit through its explicit power to hold hearings and rule on variance petitions. (See *Parliament Insurance Co. v. Department of Revenue* (1977), 50 Ill. App. 3d 341, 347-48, 365 N.E.2d 667, 671.) While Alton's position has some merit, (see *Village of South Elgin v. Pollution Control Board* (1978), 64 Ill. App. 3d 565, 568-69, 381 N.E.2d 778, 781), we need not address this question. In this instance, the Board has abused whatever power it does have.

■■ ■ Administrative proceedings are governed by the fundamental principles and requirements of due process of law. (*Robert N.*

*Nilles, Inc. v. Pollution Control Board* (1974), 17 Ill. App. 3d 890, 894, 308 N.E.2d 640, 643.) While an administrative body has broad discretionary powers, it must exercise these powers judiciously and not arbitrarily. (17 Ill. App. 3d 890, 894, 308 N.E.2d 640, 643.) Under the circumstances before us, we believe the Board abused its discretion.

A dismissal for failure to prosecute is justified when the party has been guilty of inexcusable delay in prosecuting the suit. (*In re Marriage of Hanlon* (1980), 83 Ill. App. 3d 629, 632, 404 N.E.2d 873, 875-76.) The record does not support a finding of inexcusable delay on the part of Alton. Alton had been working with the Agency on the modeling study from the filing of its petitions to the December 1984 hearing. The Agency itself requested two extensions of time and the hearing officer, for a reason not apparent on the record, rescheduled the hearing date. At the hearing, Alton stated it intended to file an amended petition conforming with the testimony. Alton did not comply with its intentions, but such action was not mandatory when the hearing officer made no ruling or order requiring an amended petition. (See 35 Ill. Adm. Code secs. 102.210, 103.210(b).) Furthermore, the Agency already had Alton's modeling results which it appeared to be working on as evidenced by the new counsel's letter to Alton.

We share the Board's concern for the protracted state of this litigation. But, we do not find Alton's actions so egregious as to merit dismissal of its petitions. (Compare *Swedien v. Hadley School for the Blind* (1979), 70 Ill. App. 3d 466, 468, 388 N.E.2d 977, 979, with *Elward v. Mancuso Chevrolet, Inc.* (1970), 122 Ill. App. 2d 421, 429, 259 N.E.2d 344, 348-49.) Moreover, the Board, by dismissing Alton's petitions outright, departed from its precedent of first ordering the matter to a hearing when it perceives delay in the prosecution of a case. (See, *e.g., Republic Steel Corp. v. Environmental Protection Agency* (1984), 59 Ill. P.C.B. 13 (no activity for three years and eight months after cancellation of hearing); *Environmental Protection Agency v. Celotex Corp.* (1984), 59 Ill. P.C.B. 11 (no activity for one year seven months after motion to disqualify hearing officer denied); *Borg-Warner Corp. v. Environmental Protection Agency* (1984), 58 Ill. P.C.B. 433 (no activity for one year seven months after hearing date set); *Environmental Protection Agency v. Schlie* (1984), 58 Ill. P.C.B. 325 (no activity for approximately one year and a half); *City of Salem v. Environmental Protection Agency* (1984), 58 Ill. P.C.B. 321 (no activity for one year seven months).) The Board has even used this method of disposing of cases when faced with a partial hearing followed by a year of nonactivity. (See *Hereley Grain Co. v. Environ-*

*mental Protection Agency* (1984), 59 Ill. P.C.B. 15.) Surely, the Board could easily have followed the same approach here, especially when a new hearing date had already been set.

■ We note administrative bodies are bound by prior custom and practice in interpreting their rules and may not arbitrarily disregard them. See *Hetzer v. State Police Merit Board* (1977), 49 Ill. App. 3d 1045, 1047, 365 N.E.2d 261, 263; see also *Chemetco, Inc. v. Pollution Control Board* (1986), 140 Ill. App. 3d 283, 289, 488 N.E.2d 639, 643; *Heavner v. Illinois Racing Board* (1982), 103 Ill. App. 3d 1020, 1025, 432 N.E.2d 290, 294.

We find the Board abused its discretion in dismissing Alton's petitions. Since the order of dismissal was in error, the Board's order refusing to vacate its dismissal was also an abuse of discretion. See *Swedien v. Hadley School for the Blind* (1979), 70 Ill. App. 3d 466, 468, 388 N.E.2d 977, 979.

For the reasons stated above, we reverse the orders of the Board and remand this cause to the Board for further proceedings consistent with this opinion.

Reversed and remanded.

KASSERMAN, P.J., and WELCH, J., concur.