MARY E. PERRY, Plaintiff-Appellee, v. LORETTA MINOR, Defendant-Appellant.

First District (2nd Division)    No. 1—99—3892

Opinion filed February 27, 2001.

James A. Shapiro, of Shapiro & Schwartz, of Chicago, for appellant.

Noel T. Wroblewski, of Chicago, for appellee.

JUSTICE COUSINS delivered the opinion of the court:

Plaintiff Mary Perry sued defendant Loretta Minor for past-due rent and possession of property. Defendant filed a counterclaim against plaintiff and also named Ronald Perry, plaintiff's son, as a third-party defendant "for nominal and derivative purposes only." Plaintiff responded to the counterclaim by filing an amended complaint, an answer to the counterclaim and a prayer for an accounting and judgment against Ronald Perry. Upon plaintiff's motion, the trial court entered sanctions against defendant, barring her from presenting evidence or testimony at trial for failure to answer interrogatories.

At a bench trial, the court enforced the sanctions and further dismissed Ronald Perry from the case *sua sponte* because defendant had only named him for nominal and derivative purposes. The court entered judgment in plaintiff's favor in the amount of $23,603.66 for past-due rent and damages. Defendant filed this timely notice of appeal.

On appeal, defendant argues that: (1) the trial court erred by dismissing the third-party defendant from the case; and (2) the trial court abused its sanctioning discretion when it barred the defendant from presenting any evidence at trial because she failed to answer interrogatories in a timely fashion. We also note plaintiff's argument that this court lacks jurisdiction over the matter for an alleged defect in the notice of appeal.

## BACKGROUND

### Complaint, Counterclaim and Amended Complaint

On June 25, 1997, plaintiff filed a *pro se* forcible entry and detainer complaint against defendant for past-due rent and possession of property located at 4234 South St. Lawrence, Chicago, Illinois. On August 25, 1997, defendant filed an answer and affirmative defenses by leave of court. On September 12, 1997, defendant filed a counterclaim against plaintiff and also named Ronald Perry (Ronald) as a third-party defendant "for nominal and derivative purposes only." Ronald is plaintiff's son and manager of the subject property.

Defendant's counterclaim requested restitution for money that she allegedly spent to improve and repair the property. Specifically, defendant alleged that the property was in disrepair during her tenancy and that, with Ronald's permission, she spent $32,000 to make repairs. She claimed that she "overpaid the rent by an amount far exceeding

the amount of rent Plaintiff claims to be due and owing by at least $26,500."

Plaintiff's amended complaint alleged that defendant owed rent in the amount of $17,400 and the cost of repairs amounting to $16,813. In her answer to defendant's counterclaim, plaintiff, *inter alia*, denies that Ronald Perry was her property manager and agent as claimed by the defendant. In addition to praying for judgment against the defendant, Loretta Minor, plaintiff also prayed for an accounting and judgment against third-party defendant Ronald Perry for any rents that he collected from defendant Loretta Minor and also for causing damage to the property and the removal of items therefrom.

### Discovery Sanction

On October 30, 1997, plaintiff commenced written discovery by filing: (1) Rule 213 (134 Ill. 2d R. 213) interrogatories; (2) a request to produce; and (3) a request to admit. On December 22, 1997, defendant answered (1) and (3). On February 18, 1998, plaintiff filed: (1) a second set of interrogatories and (2) a second request to admit. Defendant responded to the second request to admit on March 17, 1998. Defendant's failure to timely respond to this second set of interrogatories (the February interrogatories) is at the heart of the sanctions dispute.

On March 10, 1998, plaintiff filed a motion to compel defendant to answer discovery. On June 29, 1998, the court ordered defendant to answer plaintiff's February interrogatories by July 10, 1998. The court also ordered defendant to issue a summons to Ronald by this date. On August 11, 1998, plaintiff filed another motion to compel—this time for plaintiff's failure to issue a summons to Ronald. A week later, on August 17, 1998, Ronald filed his appearance and answer to defendant's counterclaim.

On October 2, 1998, plaintiff filed a second motion to compel defendant to answer its February interrogatories. On October 13, 1998, the court ordered defendant to answer the interrogatories within 10 days, by October 23, 1998. When the date passed, plaintiff filed a motion to bar defendant from presenting evidence or testimony as sanctions for defendant's discovery violation. Defendant finally answered the February interrogatories on October 30, 1998, although plaintiff alleges that defendant did not sign the answers as required. Despite defendant's answers, on November 5, 1998, the court granted plaintiff's motion to bar defendant from presenting evidence or testimony at trial (the November order). Neither defendant nor her attorney was present for this motion.

On December 4, 1998, defendant filed a motion to vacate the

November order. On February 5, 1999, the court denied defendant's motion because defendant failed to appear. Plaintiff alleges that defense attorney's law clerk was present but failed to step up when the case was called. When defendant refiled her motion to vacate the November order, the court again denied the motion on April 29, 1999.

## Bench Trial

Before trial, the court ruled that, pursuant to its November order, defendant was barred from presenting any evidence or testimony at trial. The court, however, denied plaintiff's motion to bar Ronald from testifying or presenting evidence.

Only plaintiff and her daughter Brenda testified at trial. Brenda testified that she lived in the house at issue until June 1993, when defendant moved in. While Brenda lived in the house, the plumbing, electrical and heating systems were operational. She stated that the hardwood floors were in good condition, there were two chandeliers, a stove, refrigerator and security doors. Brenda alleged that Ronald agreed to perform some redecorating work for plaintiff, but she was not specific about the nature of the work.

After defendant moved out, Brenda observed damage to the house. Specifically, one window was boarded over, portions of the walls were damaged after mirrors had been removed, the hardwood floors were no longer in good condition, the window sills required repair, and the interior and exterior needed painting. Brenda also observed that the stove, refrigerator, and security doors had been removed. According to plaintiff, videotape evidence also detailed damage to the house.

Plaintiff testified that she had agreed to let defendant rent the house while redecorating was ongoing because her son Ronald urged her to do so. The agreement was to be as follows: during the first year, defendant would pay $500 per month directly to Ronald for redecorating, in lieu of rent. Thereafter, defendant was to pay the $500 per month in rent directly to plaintiff. Plaintiff stated that Ronald was not her agent and she did not agree to allow any work on the property without her approval.

After the end of the first year, plaintiff testified that she repeatedly contacted Ronald and defendant for rent payment, but both presented a number of excuses. While defendant had made some payments, she still owed rent to plaintiff. On January 6, 1997, plaintiff sent demand letters to Ronald and defendant for the unpaid rent, which were unanswered. Plaintiff then filed this suit.

Plaintiff further testified that she never authorized her son or defendant to perform any work beyond the initial agreement. She waited over three years to evict defendant because she allowed Ronald to

"handle things" as she spent time in Georgia. The parties stipulated that defendant did pay $4,200 of rent, although they disagreed as to whether there was still a balance due.

When defendant attempted to call Ronald as her first witness, the court sustained plaintiff's objection, citing the November order. The court also stated that Ronald was a third-party defendant "for nominal and derivative purposes only" and that plaintiff never named or served him as an actual party defendant. For the same reasons, the court further prohibited Ronald from calling any witnesses or presenting any evidence. At that point, the trial court *sua sponte* dismissed Ronald from the case.

The trial court invited, but did not require, the parties to submit briefs on the issue of Ronald's dismissal. None were submitted, but Ronald submitted his position statement in open court just prior to the court's ruling. After reviewing it, the court indicated that Ronald's statement addressed the issue of defendant living rent-free for the first year at the house but did not address the issue of why Ronald should not be dismissed from the case. According to the court, the statement only confirmed plaintiff's claim that defendant was to reside at the house with rent to be paid to plaintiff through Ronald. The defense then rested.

On October 18, 1999, the court entered judgment in plaintiff's favor for $23,603.66, consisting of $16,300 for past-due rent and $7,303.66 in damages. Defendant appeals. We affirm in part, reverse in part and remand for a new trial.

## ANALYSIS

### I. JURISDICTION

Before considering the two issues raised by defendant in this appeal, we note plaintiff's argument that this court lacks jurisdiction because defendant failed to raise those issues in her notice of appeal. Specifically, plaintiff argues that the notice of appeal only appeals the court's order of October 18, 1998, awarding $23,603.66 to plaintiff, but fails to mention the November order or subsequent order prohibiting Ronald from presenting evidence at trial.

■ The purpose of a notice of appeal is to inform the prevailing party that the opposing party seeks review of the judgment; thus, if the notice sufficiently sets forth the judgment complained of and the relief sought, mere formal defects will not deprive the court of jurisdiction. *Taylor v. Peoples Gas Light & Coke Co.*, 275 Ill. App. 3d 655, 659, 656 N.E.2d 134 (1995). We agree that an appellate court has jurisdiction of only those matters raised in the notice of appeal. *Wells v. Kern*, 25 Ill. App. 3d 93, 98, 322 N.E.2d 496 (1975). However, a notice

of appeal need not designate a particular order to confer jurisdiction, so long as the order that is specified directly relates back to the judgment or order from which review is sought. *Taylor*, 275 Ill. App. 3d at 659. Accordingly, an order that is not specified in the notice of appeal is reviewable if it is a " 'step in the procedural progression leading to the judgment specified in the notice of appeal.' " *Taylor*, 275 Ill. App. 3d at 659, quoting *Burtell v. First Charter Service Corp.*, 76 Ill. 2d 427, 435 (1979).

■ In the instant case, the court's November order and its ruling prohibiting Ronald from presenting evidence were steps in the procedural progression leading to the court's final order dated October 18, 1999, and directly related to it. Also, plaintiff's case, *Wells*, is inapposite. *Wells*, 25 Ill. App. 3d at 99 (where notice of appeal was filed more than one year from entry of default judgment, and such notice did not raise the issues presented in the petitions seeking relief from such judgment, the parties could not waive the defect by treating the appeal as one from denial of the postjudgment petitions). Accordingly, defendant's notice of appeal was sufficient to confer jurisdiction upon this court.

## II. DISMISSAL OF THIRD-PARTY DEFENDANT

■ Next, defendant argues that the trial court erred by dismissing third-party defendant Ronald from the action. Section 2—406(b) of the Illinois Civil Practice Law allows a defendant in a lawsuit to bring an additional party into an action and provides as follows:

> "Within the time for filing his or her answer or thereafter by leave of court, a defendant may by third-party complaint bring in as a defendant a person not a party to the action who is or may be liable to him or her for all or part of the plaintiff's claim against him or her." 735 ILCS 5/2—406 (West 1998).

"A proper third-party action requires derivative liability where the liability of the third-party defendant is dependent on the liability of the third-party plaintiff to the original plaintiff." *Board of Trustees of Community College, District No. 508 v. Coopers & Lybrand LLP*, 296 Ill. App. 3d 538, 549 (1998).

■ In defendant's counterclaim that named Ronald Perry as third-party defendant "for nominal and derivative purposes only," she merely claimed that Ronald gave her permission to spend money on repairs, alleging:

> "With the *permission* of Counter-Defendant's property manager, Ronald L. Perry, and with full knowledge on the part of Counter-Defendant, Mary Perry—Counter-Plaintiff has paid approximately Thirty-two Thousand Dollars and no cents ($32,000) in making repairs, furnishing material and maintaining said premises to cure

aforesaid defects and further deterioration of the premises."
(Emphasis added.)

Defendant's prayer for relief asks the court to grant judgment against plaintiff for $25,000 and further seeks costs in connection with this suit. Nothing in the counterclaim alleges a cause of action against Ronald, and defendant only states that "Ronald L. Perry [is named] as a Third Party Defendant herein for nominal and derivative purposes only."

In response to the February interrogatories, defendant stated that she never personally purchased materials used to repair the house. Instead, she "believe[d] that all materials purchased for the renovation of the subject property were purchased by Ronald Perry; however, her investigation with respect to the information sought by this interrogatory continues." Based on this response, one could imply a cause of action against Ronald for absconding with defendant's funds. However, defendant alleges no such cause of action in her pleadings, and during oral argument, defense counsel stated that defendant and Ronald were "allied" in this case. Without specific allegations for derivative liability, the complaint fails to demonstrate any relationship between defendant and Ronald that would support application of indemnity principles (*Weisbrook v. Clyde C. Netzley, Inc.*, 58 Ill. App. 3d 862, 864, 374 N.E.2d 1102 (1978)); at most, defendant attempts by this means to assert a defense to the principal action (*City of West Chicago v. Clark*, 58 Ill. App. 3d 847, 855-56, 374 N.E.2d 1277 (1978)). Thus, dismissal of third-party defendant was proper.

■ Defendant also argues that the court lacked authority to dismiss Ronald *sua sponte*. Defendant relies upon cases in which the court's *sua sponte* decisions were improper because the opposing party did not have the opportunity to respond. See *Peterson v. Randhava*, 313 Ill. App. 3d 1, 11, 729 N.E.2d 75 (2000) (trial court's dismissal of action by granting summary judgment *sua sponte* was improper because parties received no notice and opportunity to respond); *People v. Kitchen*, 189 Ill. 2d 424, 433-35, 727 N.E.2d 189 (1999) (trial court's *sua sponte* dismissal of defendant's postconviction petition was improper because it failed to give defendant notice and denied him due process); *Berg v. Mid-America Industrial, Inc.*, 293 Ill. App. 3d 731, 688 N.E.2d 699 (1997) (trial court's dismissal orders were entered without notice or hearing and were devoid of sufficient information or valid reasons justifying dismissal).

Unlike *Peterson*, *Kitchen* and *Berg*, the court in the instant case specifically invited the parties to submit briefs concerning Ronald's dismissal. The defendant had notice and fails to explain why she did not avail herself of an opportunity to respond to the court's action.

Ronald did submit a position statement on the matter, and upon review, the court concluded that it did not address the issue of why Ronald should not be dismissed from the case. Furthermore, in our view, defendant did not properly plead a third-party complaint in this case either in form or in substance and, although *sua sponte* dismissals by a court when justification was not patently clear can constitute error, the justification in the instant case is clear and Ronald Perry was properly dismissed as a third-party defendant.

## III. DISCOVERY SANCTION

Finally, defendant contends that the trial court's order barring defendant from presenting any evidence at trial was a disproportionately severe sanction for defendant's failure to timely respond to the February interrogatories. We agree.

A just order of sanctions ensures both discovery and a trial on the merits. *Shimanovsky v. General Motors Corp.*, 181 Ill. 2d 112, 123, 692 N.E.2d 286 (1998). The purpose for imposing sanctions is to coerce compliance with discovery rules and orders, not to punish the dilatory party. *Sander v. Dow Chemical Co.*, 166 Ill. 2d 48, 67-68, 651 N.E.2d 1071 (1995). Drastic sanctions may be invoked, however, in cases where the party's actions show a "deliberate, contumacious or unwarranted disregard of the court's authority." *Shimanovsky*, 181 Ill. 2d at 123. The court's imposition of a particular sanction will not be reversed absent a clear abuse of discretion. *Sander*, 166 Ill. 2d at 67. Factors used to determine whether a sanction was appropriate include: (1) surprise to the adverse party; (2) prejudicial effect of the preferred testimony or evidence; (3) nature of the testimony or evidence; (4) diligence of the adverse party in seeking discovery; (5) timeliness of the adverse party's objection to the testimony or evidence; and (6) the good faith of the party offering the testimony or evidence. *Shimanovsky*, 181 Ill. 2d at 124. No single factor is dispositive. *Shimanovsky*, 181 Ill. 2d at 124.

In the instant case, factors that weigh against the sanction include the fact that plaintiff cannot claim she was surprised by the answers, which were filed six days before the court entered sanctions and 10 months before trial. Defendant also suffered prejudice because the sanction did not allow her to present the merits of her case at trial. On the other hand, plaintiff diligently prosecuted the lawsuit and defendant failed to tender any excuses for her noncompliance with discovery.

Defendant relies on *Humboldt-Armitage Corp. v. Illinois Fair Plan Ass'n*, 86 Ill. App. 3d 888, 408 N.E.2d 307 (1980), and *Cook v. Schwab Rehabilitation*, 77 Ill. App. 3d 245, 395 N.E.2d 1100 (1979). In *Hum-

*boldt*, plaintiff failed to comply with the trial court's order to answer interrogatories. Plaintiff also failed to appear at the sanction hearing and the trial court dismissed the complaint. Plaintiff then filed a motion to vacate the dismissal and explained that his failure to appear at the sanction hearing was due to a clerical error in his law office. The trial court denied plaintiff's motion. In its motion for reconsideration, the plaintiff further explained that he was unable to comply with the trial court's original order because a copy of a sworn statement that was in defendant's possession was necessary to answer the interrogatories and resulted in the delay. *Humboldt*, 86 Ill. App. 3d at 889-91.

The court noted the plaintiff's explanations and concluded that plaintiff's dilatory conduct did not exhibit a deliberate and contumacious disregard of the court's authority warranting dismissal of the complaint. *Humboldt*, 86 Ill. App. 3d at 891. Similarly, the reviewing court in *Cook* held that dismissal of plaintiff's cause of action was an improper sanction because plaintiff had demonstrated diligence and willingness to comply with discovery rules. Additionally, the court found that plaintiff's two-month delay in offering an excuse for failing to file within the required time period was not so egregious as to merit a dismissal of his cause of action. *Cook*, 77 Ill. App. 3d at 247-48.

Plaintiff argues that this case is distinguishable from *Humboldt* and *Cook* because defendant has failed to offer any reasons why she failed to comply with discovery. Plaintiff argues that this case is more closely analogous to *Harris v. Harris*, 196 Ill. App. 3d 815, 823, 555 N.E.2d 10 (1990). In *Harris*, the petitioner had failed to appear at her scheduled deposition on four occasions, two of which had been ordered by the court. On one occasion, her attorney alleged that petitioner was bedridden due to back problems. The court ordered a medical affidavit, but petitioner failed to produce one. At this point, the trial court conducted a hearing on respondent's motion for sanctions. The trial court awarded respondent attorney fees and costs as a sanction for petitioner's noncompliance with discovery orders. Despite previous sanctions, petitioner further failed to comply with the court's order to produce documents, and when she attempted to comply, she failed to produce all of the documents. At the time of a second sanctions motion, petitioner still had not appeared at her deposition, nor had she produced all of the documents. *Harris*, 196 Ill. App. 3d at 818-19.

On review, the court affirmed the dismissal of petitioner's action due to her flagrant disregard of the court's orders. Based on the record, the court was unpersuaded that petitioner had any legitimate reasons for not complying with the discovery orders. The court further emphasized that petitioner's conduct was not a one-time occurrence but, rather, revealed a pronounced pattern of deliberate and blatant disregard of discovery rules. *Harris*, 196 Ill. App. 3d at 824.

In her reply brief, defendant argues that *Harris* is distinguishable because, before dismissing petitioner's action, the circuit court had imposed other, less severe sanctions, including the assessment of attorney fees and costs. We agree.

In the instant case, the trial court could have imposed a less severe sanction, such as assessing attorney fees and costs. Instead, the trial court banned the defendant from testifying because of discovery violations. Additionally, the trial court also banned Ronald Perry from testifying. The record reflects that Ronald Perry filed an answer to defendant's counterclaim wherein he made admissions prior to being dismissed from the case as a third-party defendant. In our view, these admissions raise crucial factual issues in the case. Also, these admissions are unrelated to the defendant's discovery violations. Additionally, the plaintiff's answer to defendant's counterclaim underscores the importance of Ronald Perry's testimony in the instant case. The sanctions imposed by the trial court barring the defendant from testifying and also barring the defendant from calling Ronald Perry as a witness constituted a clear abuse of discretion. *Sander*, 166 Ill. 2d at 67. Accordingly, we reverse.

For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for a new trial.

Affirmed in part and reversed in part; cause remanded.

CAHILL, P.J., and McBRIDE, J., concur.