No. 1-02-1996 FIRST DIVISION

June 30, 2003

JAMES McGATH, ) Appeal from the

) Circuit Court of

Plaintiff-Appellant, ) Cook County.

) 

v. ) No. 99 L 3307

) 

KIMBERLY PRICE, GLADYS GRIFFIN and )

ENTERPRISE LEASING COMPANY OF CHICAGO, ) The Honorable

) Kathy M. Flanagan,

Defendants-Appellees. ) Judge Presiding.

PRESIDING JUSTICE GORDON delivered the opinion of the court:

Plaintiff James McGath (plaintiff) appeals certain orders entered by the trial court in this cause originating from a motor vehicle accident in which defendant Kimberly Price (Price), while driving a vehicle leased by defendant Gladys Griffin (Griffin) from defendant Enterprise Leasing Company of Chicago (Enterprise), struck and hit plaintiff's vehicle, injuring him and his family.  The orders plaintiff presents for our review include a March 6, 2001, order dismissing his claim against Price based upon the court's finding that plaintiff settled with her, a June 6, 2001, order dismissing his third-party beneficiary claim against Enterprise, and a June 12, 2002, order granting summary judgment in favor of Griffin based on plaintiff's failure to prove that Griffin negligently entrusted the vehicle to Price.  Plaintiff argues that he did not settle his claims against Price, that Enterprise is contractually liable for his claims, and that there remains a genuine issue of material fact as to whether Griffin negligently entrusted the vehicle to Price.  For their part, defendants argue that our court does not have jurisdiction to review the March 6, 2001, order dismissing Price or the June 6, 2001, order dismissing Enterprise, and alternatively, that these orders were proper.  Defendants further argue that summary judgment entered in favor of Griffin was also proper based on the facts presented to the court at that time.  For the following reasons, we affirm.

BACKGROUND

On April 1, 1997, plaintiff was driving his Suburban on the highway, along with his wife Diane and three children, Sarah, Robin and Kelly.  Price, who was in a vehicle that her mother Griffin had rented from Enterprise, was driving on the shoulder of the highway and attempting to merge back into a traffic lane.  Price's vehicle hit plaintiff's vehicle, sending plaintiff's vehicle into a concrete barrier and causing it to roll over several times.
(footnote: 1)  Plaintiff's vehicle came to rest upside down, and Price left the scene.  Plaintiff, his wife and children all sustained multiple injuries, including whiplash and back pain.  Plaintiff also sustained a concussion and injuries to his hands and wrists.  Further investigation revealed that Price's mother, Griffin, had permitted Price to drive the vehicle, which Griffin had rented from Enterprise, and that at the time of the accident, Price's driver's license had been suspended.  Price was insured by State Farm Insurance Company (State Farm) for a policy limit of $25,000.

Plaintiff, his wife and children filed a complaint at law, and later an amended complaint, against Price, Griffin and Enterprise in 25 counts based on the following theories against the respective defendants: (1) against Price predicated on the theory of liability alleging that she negligently operated the vehicle; (2) against Griffin predicated on the theory of vicarious liability alleging that she had an agency relationship with Price, and predicated on the theory of direct liability alleging that she negligently entrusted the vehicle to Price; and (3) against Enterprise predicated on the theory of vicarious liability alleging that it owned the vehicle, and predicated on a theory of contractual liability alleging that 
plaintiff, his wife and children were third-party beneficiaries to Enterprise's insurance contract with Griffin as indicated in the rental agreement, which stated that Enterprise would provide "liability insurance or coverage to [the] renter *** for bodily injury *** to *** any third party."  

Griffin and Enterprise each filed a motion for summary judgment.  Before these motions were heard by the trial court, plaintiff's wife and children settled their claims with Griffin and Enterprise.  Counsel for Griffin and Enterprise prepared, and counsel for plaintiff's wife and children signed, a document entitled "stipulation to dismiss action," stating that Diane, plaintiff's wife, and Sarah, Robin and Kelly, plaintiff's children, agreed to dismiss their action against Griffin and Enterprise with prejudice.  Counsel for Griffin and Enterprise then prepared an agreed order to present to the court based on this stipulation, dismissing Diane, Sarah, Robin and Kelly from the suit against Griffin and Enterprise and stating that plaintiff's claims against Griffin and Enterprise remained pending.  On March 6, 2001, the trial court entered this agreed order and dismissed Diane, Sarah, Robin and Kelly's claims against Griffin and Enterprise with prejudice.  On this same date, the trial court entered another order submitted by counsel for plaintiff stating that, pursuant to the stipulation to dismiss, the suit 

"is dismissed with prejudice pursuant to settlement with regard to Plaintiffs, DIANE, KELLY, SARA [
sic
] and ROBYN [
sic
], 
and James
 McGATH, and Defendants KIMBERLY PRICE and STATE FARM INSURANCE COMPANY only.  The *** matter continues with regard to JAMES McGATH and GLADYS GRIFFIN and ENTERPRISE LEASING COMPANY OF CHICAGO only."   (Emphasis added.)

While this order was entered by the trial court on March 6, 2001, and bore that court-stamped date, it also bore the handwritten date of "February 27, 2001."  The portion stating "and James" was also handwritten, and there is no attorney name, address or number on this order.  The order was signed by the trial court.  On March 14, 2001, counsel for plaintiff sent a copy of this order dismissing Price from the cause to Price's attorney.  Soon thereafter, plaintiff received $25,000, the full policy limit, from Price's insurer, State Farm.  

Officer Michael Pignatiello testified in a deposition that he was the officer that responded to the accident involving plaintiff and Price.  Officer Pignatiello testified that Price left the scene and that, from statements by witnesses, he was able to trace the vehicle Price was driving to Griffin.  Officer Pignatiello stated that he spoke to Price's husband who, though he told officer Pignatiello that Price had a general problem with cocaine, did not indicate that Price was on cocaine at the time of the accident.  Officer Pignatiello found Price a few days after the accident, but did not charge her with driving while under the influence of drugs or alcohol.  Officer Pignatiello reviewed Price's driver's license abstract, which indicated that Price's license was suspended and not valid at the time of the accident.  Officer Pignatiello stated that the reason for this suspension was not because of the magnitude of the driving violations for which she was cited but, rather, because Price failed to appear in traffic court and pay fines related to those prior driving citations.  Officer Pignatiello testified that had Price appeared in court on the required day, her driver's license would not have been suspended and would have been valid on the day of the accident.

Plaintiff filed responses to Griffin's and Enterprise's motions for summary judgment.  In her reply to plaintiff's response, Griffin asserted that the vicarious liability count against her should be dismissed because her alleged agent, Price, had settled with plaintiff and this settlement extinguished any purported liability she may have had as Price's principal.  In its reply to plaintiff's response, Enterprise asserted that the vicarious liability counts against it should be dismissed because, based on the attached affidavit of its employee-representative, it was clear that neither Griffin nor Price was an agent of Enterprise.  On June 6, 2001, the trial court granted Enterprise's motion for summary judgment thereby dismissing Enterprise from the cause and set ruling on Griffin's motion for summary judgment for August 8, 2001.  

On August 8, 2001, the trial court entered Supreme Court Rule 304(a) (155 Ill. 2d R. 304(a)) language with respect to its order granting summary judgment for Enterprise, stating that there was no just reason to delay the enforcement or appeal of the June 6, 2001, order.  Also on August 8, 2001, the trial court entered summary judgment in favor of Griffin, dismissing that portion of plaintiff's claim against her based on her alleged agency relationship with Price.  The court stated that because plaintiff and Price had settled any alleged liability on Price's part as exhibited by the order entered by the court on March 6, 2001, the claim against Griffin based on this vicarious liability as a principal must be dismissed.  The court then set the only remaining count, namely, plaintiff's claim of direct liability against Griffin for negligent entrustment, for status.  

Before any argument was had on the remaining count, the parties took Griffin's deposition.  Griffin testified that she had a close relationship with Price and that they had lived together until 1991, when Price got married.  After 1991, Price lived next door to Griffin for a time, and the two saw each other almost every day.  Griffin stated that Price has never lived more than a mile from her and that they currently saw each other several times a week.  On the morning of the accident, Griffin loaned the vehicle she rented from Enterprise to Price to run some errands.  Griffin testified that Price was "calm" and "normal" and did not appear intoxicated from drugs or alcohol that day.  Griffin stated that before she turned the vehicle over to Price, she asked whether she had a driver's license, which Price then produced.  Griffin further testified that, as of that day, she did not know that Price had been involved in any prior auto accidents or had received any prior traffic tickets.  To her knowledge, Price never used drugs or alcohol, never had trouble with the police, and had a "clean" driving record.

Price's deposition was also taken.  Price testified that she had not lived with Griffin since 1991, when she was 21 years old.  Price stated that on the morning of the accident, she had not taken any drugs or alcohol.  Price also testified that she believed her driver's license was valid on that day.  She had been stopped by police before for traffic violations, involving running a stop and yield sign and making an illegal U-turn.  She believed, however, that she had paid the required fines and was never notified by any traffic court that her license was suspended.  Price further testified that she never told Griffin about any of her traffic violations or tickets.  

On June 12, 2002, the trial court entered an order granting summary judgment in favor of Griffin on the negligent entrustment count.  The court recognized that there was an entrustment of the rented vehicle from Griffin to Price.  The court also acknowledged that there was evidence that Price had incurred at least four motor vehicle citations in the past, including disregarding a stop and yield sign and making an illegal U-turn, and that her license was not valid on the day of the accident because she had failed to appear in traffic court.  The court concluded, however, that there was "absolutely no evidence in this record with regard to any particular incompetence, inexperience, or recklessness on the part of Defendant Price which was known by Defendant Griffin prior to the entrustment," and thus, there was no basis for liability against Griffin on this count.

On July 10, 2002, plaintiff filed his notice of appeal.  This notice stated that plaintiff was appealing "from each and every order and judgment in this action, whether written or oral, including but not limited to" the June 12, 2002, entry of summary judgment in favor Griffin on the negligent entrustment count, the June 6, 2001, entry of summary judgment in favor of Enterprise on the breach of contract count, and the "February 27, 2001," order dismissing his claim of negligence against Price.  

ANALYSIS

Plaintiff presents three main arguments on appeal, centering on the three orders entered by the trial court as noted above.  We address each in turn.

A.  Enterprise and the June 6, 2001, Order

Plaintiff's first contention in its brief on appeal is that the trial court erred in entering its June 6, 2001, order granting summary judgment in favor of Enterprise.  Plaintiff argues that Enterprise is contractually liable for his claims because Enterprise entered into a rental agreement with Griffin which stated that Griffin was purchasing "supplemental liability protection," pursuant to which Enterprise agreed to provide "bodily injury *** liability insurance or coverage to [the] renter *** for bodily injury *** to [the] renter *** or any third party."  Plaintiff claims that he qualifies as a "third party" who was to be protected under this contract, notwithstanding that it was Price, and not Griffin, who was driving the vehicle.  Alternatively, plaintiff argues that certain sections of the Illinois Vehicle Code (625 ILCS 5/9-101, 9-105 (West 1998)) impose liability on Enterprise in this cause based on its status as an insurer, and that, even were this not so, a direct action would still lie against Enterprise as the owner of the vehicle.  

Enterprise and Griffin, while addressing the merits of plaintiff's contentions, initially point out in their brief on appeal that our court does not have jurisdiction over this issue because plaintiff did not timely file a notice of appeal of the order dismissing Enterprise from the cause.  We note that in his reply brief, as well as at the outset of oral argument before this court, plaintiff conceded that, pursuant to the mandates of Supreme Court Rules 303 and 304(a), he failed to timely file a notice of appeal preserving any claim of liability against Enterprise for our review and, thus, was not now appealing the June 6, 2001, order granting summary judgment in favor of Enterprise.  See 155 Ill. 2d Rs. 303, 304(a).  Indeed, the record remains undisputed that the trial court entered summary judgment in favor of Enterprise on June 6, 2001, dismissing it from this cause with prejudice.  Although this order did not dispose of all the claims and parties involved in this action, it was made final and appealable on August 8, 2001, when the court found "no just reason to delay enforcement or appeal" of the June 6, 2001, order.  Therefore, plaintiff had 30 days from the entry of this language in which to file a notice of appeal.  See 155 Ill. 2d Rs. 303, 304(a).  Upon the trial court's express written finding that there is no just reason from delaying enforcement or appeal, the court's order becomes final and notice of appeal must be filed within 30 days.  See 
R.W. Dunteman Co. v. C/G Enterprises, Inc.
, 181 Ill. 2d 153, 159 (1998) (appellate court loses jurisdiction over an order which contains final and appealable language pursuant to Rule 304(a) after 30 days, even if that order does not dispose of all claims or parties involved in action).  Plaintiff concedes, and the record on appeal is clear, that he did not file his notice to appeal this order until July 10, 2002, almost a year later.  Accordingly, we do not have jurisdiction to review the trial court's order of June 6, 2001, granting summary judgment in favor of Enterprise and dismissing it from this cause.  See 
R.W. Dunteman Co.
, 181 Ill. 2d at 159.  Therefore, that order stands and Enterprise is dismissed from this appeal.  
 

B.  Griffin and the June 12, 2002, Order

Plaintiff's next contention on appeal is that the trial court erred in entering the June 12, 2002, order granting summary judgment in favor of Griffin on the negligent entrustment count.  Plaintiff argues that a genuine issue of material fact exists as to whether Griffin knew or should have known of Price's incompetence, inexperience or recklessness with respect to driving automobiles.  Plaintiff claims that there were facts presented to the trial court that would clearly permit a jury to conclude that Griffin knew or should have known that Price would use the vehicle in a manner that would pose unreasonable risk to others.  In response, Griffin argues that summary judgment was proper on this count because, based on the record presented to the trial court at the time of the summary judgment motion, there was no evidence to create a genuine issue of material fact in this regard.  We agree with Griffin.

"The purpose of summary judgment is to determine whether a question of fact exists."  
West v. Northeastern Illinois R.R. Corp.
, 180 Ill. App. 3d 307, 311, 535 N.E.2d 987, 990 (1989); see also 
Addison v. Whittenberg
, 124 Ill. 2d 287, 294 (1988).  Therefore, summary judgment is proper only when the pleadings, depositions and admissions on record, together with any affidavits, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  See 
Purtill v. Hess
, 111 Ill. 2d 229, 240-44 (1986).
  While we agree with plaintiff that summary judgment has been called a "drastic measure," it is an appropriate tool to employ in the expeditious disposition of a lawsuit in which " 'the right of the moving party is clear and free from doubt.' " 
Morris v. Margulis
, 197 Ill. 2d 28, 35 (2001), quoting 
Purtill
, 111 Ill. 2d at 240.  In reviewing a trial court's grant of this relief, we do not assess the credibility of the testimony presented but, rather, only determine whether the evidence presented was sufficient to create an issue of fact.  See 
Jackson v. Graham
, 323 Ill. App. 3d 766, 779, 753 N.E.2d 525, 535-36 (2001).  We review the grant of summary judgment under a 
de novo
 standard (see 
Morris
, 197 Ill. 2d at 35), 
and reversal will occur if we find that a genuine issue of material fact exists (see
 
Addison
, 124 Ill. 2d at 294).  However,
 "[m]ere speculation, conjecture, or guess is insufficient to withstand summary judgment."  
Sorce v. Naperville Jeep Eagle, Inc.
, 309 Ill. App. 3d 313, 328, 722 N.E.2d 227, 237 (1999); accord 
People ex rel. the Department of Professional Regulation v. Manos
, 326 Ill. App. 3d 698, 704, 761 N.E.2d 208, 213 (2001) (on motion for summary judgment, mere suggestion that issue of material fact exists, without supporting evidence, is insufficient to create one); 
Billman v. Frenzel Construction Co.
, 262 Ill. App. 3d 681, 635 N.E.2d 435 (1993) (summary judgment proper where speculation would be required to prove element of cause of action alleged); 
Kimbrough v. Jewel Cos.
, 92 Ill. App. 3d 813, 817-19, 416 N.E.2d 328, 332-33 (1981).

An action for negligent entrustment requires "entrusting a dangerous article to another whom the lender knows, or should know, is likely to use it in a manner involving an unreasonable risk of harm to others."  
Zedella v. Gibson
, 165 Ill. 2d 181, 186 (1995), quoting 
Teter v. Clemens
, 112 Ill. 2d 252, 257 (1986), quoting 1 J. Dooley, Modern Tort Law §23.01, at 513 (1977).  While an automobile is not a dangerous article 
per se
, it may become one if operated by a person who is unskilled in its use.  See 
Zedella
, 165 Ill. 2d at 186; accord 
Eyrich v. Estate of Waldemar
, 327 Ill. App. 3d 1095, 1098, 765 N.E.2d 504, 506 (2002).  The lender may be liable for negligently entrusting an automobile to another, but only if (1) the lender knows or should know that the one to whom he loaned it is incompetent, inexperienced or reckless in its use, and (2) it was this incompetence, inexperience or recklessness that was a proximate cause of the resulting accident.  See 
Zedella
, 165 Ill. 2d at 186; 
Eyrich
, 327 Ill. App. 3d at 1098, 765 N.E.2d at 506; see also 
Jones v. Beker
, 260 Ill. App. 3d 481, 487, 632 N.E.2d 273, 278 (1994) (to be held liable for negligent entrustment, the lender must knowingly entrust automobile to an incompetent or unfit driver, and that incompetency or unfitness must be a proximate cause of the accident that injured third party).  

In our review of the evidence presented to the trial court on the motion for summary judgment, we find that the court's grant of that motion was proper because, while an entrustment occurred here wherein Griffin loaned the vehicle to Price, plaintiff failed to present sufficient evidence to the trial court to raise an issue of fact as to whether Griffin knew or should have known that Price was incompetent, inexperienced or reckless in the use of automobiles.  Plaintiff asserts that Griffin's "close" relationship with Price, Griffin's request to see Price's driver's license before loaning her the vehicle, and the violations on Price's driving record create a genuine issue of fact as to Griffin's knowledge of Price's recklessness, and thus, summary judgment was erroneous.  However, at the time of the incident, Price was a 27-year-old married adult who had not lived with Griffin for over six years.  Price testified that she did not tell Griffin everything that happened to her on a daily basis and, specifically, did not tell Griffin about any of her traffic violations or tickets.  Concomitantly, Griffin testified that on the day of the accident Price appeared "calm" and "normal," and that, as far as she knew, Price had a clean driving record and had never been stopped by police for any reason.  

Moreover, Griffin's mere request to see Price's license was insufficient to create a reasonable suspicion that Griffin knew, or had reason to believe, the license was invalid.  Such a conclusion would require gross speculation.  To the contrary, it could reasonably be concluded that Griffin may have simply wanted to make certain that Price did not drive the vehicle without the license in her possession.  Significantly, Price produced her license immediately upon request and, on its face, the license bore no signs indicating that it had been revoked, confiscated or otherwise invalidated at the time.  Price herself testified that she believed her license was valid that morning and that she was never notified by any traffic court that her license was suspended.  

Arguably, even if plaintiff would have demonstrated that Griffin knew about the past traffic citations on Price's driving record or even that Price's license had been suspended, this would not by itself have been sufficient to show that Griffin knew or should have known that Price was an incompetent or reckless driver, since the traffic violations for which Price was cited did not involve vehicular accidents and the suspension was not a result of the magnitude of these violations, but rather, only because she failed to timely appear in traffic court.  See 
Eyrich
, 327 Ill. App. 3d at 1099, 765 N.E.2d at 506-07.  

In 
Eyrich
, 
the plaintiff was injured while riding on the back of the decedent's motorcycle when decedent, who was driving the motorcycle, collided with another vehicle.  The plaintiff sued the retail seller who had sold the motorcycle to the decedent days before the accident, claiming in part that the seller was liable for negligently entrusting the motorcycle to the decedent.  The seller moved for summary judgment.  The plaintiff maintained that the decedent's young age, his driving record which reflected two traffic violations, and his lack of a valid driver's license to operate the motorcycle established a genuine issue of material fact as to whether the seller knew or should have known that the decedent was an incompetent or reckless driver.  The trial court granted the seller's motion, and the reviewing court affirmed.  The 
Eyrich
 court noted that the decedent was a 20-year-old adult with automobile insurance and, thus, did not appear to be an incompetent driver.  See 
Eyrich
, 327 Ill. App. 3d at 1099, 765 N.E.2d at 506-07.  It was not clear whether the seller knew of his two prior traffic violations, but the court reasoned that even if the seller did know, those prior violations (speeding and having tinted windows) did not involve vehicular accidents, and thus, would have been insufficient to show that the seller knew or should have known the decedent would pose a risk of harm to others while driving.  See 
Eyrich
, 327 Ill. App. 3d at 1099, 765 N.E.2d at 507.  Further, with respect to the plaintiff's contentions regarding the decedent's lack of a valid license to drive the motorcycle, the 
Eyrich
 court noted that our supreme court has held that the failure to have a valid license is not evidence of a driver's negligence.  See 
Eyrich
, 327 Ill. App. 3d at 1099, 765 N.E.2d at 507, relying on 
French v. City of Springfield
, 65 Ill. 2d 74, 80-81 (1976).  The 
Eyrich
 court thus concluded that if the decedent's failure to have a valid license could not stand as evidence of his own negligence, it could not stand as evidence that the seller knew or should have known that the decedent would operate the motorcycle in a negligent manner, as required for liability in a negligent entrustment cause of action.  See 
Eyrich
, 327 Ill. App. 3d at 1099, 765 N.E.2d at 507.

With respect to the case at bar, however, we need not rely upon 
Eyrich
, since in this case, unlike the facts in 
Eyrich
, there is no valid indication that Griffin was aware of any of these facts in Price's background.  Accordingly, 
reviewing the record 
de novo
, we find insufficient evidence that would create a genuine issue of material fact concerning whether Griffin knew or should have known that Price would operate the vehicle in a negligent manner on the day in question.  To hold for plaintiff based on this insufficient evidence presented at the motion for summary judgment would require us to engage in mere conjecture and speculation, and this we will not do.  See 
Sorce
, 309 Ill. App. 3d at 328, 722 N.E.2d at 237.  Therefore, we find that the trial court properly granted summary judgment in favor of Griffin on the negligent entrustment claim.

C.  Price and the "February 27, 2001," Order

Plaintiff's final contention on appeal is that the trial court erred in entering the March 6, 2001, order dismissing his claim of negligence against Price, and the August 8, 2001, order granting summary judgment in favor of Griffin on his claim of negligent entrustment.  As a threshold matter, defendants Enterprise, Griffin and Price raise a jurisdictional argument to this portion of plaintiff's appeal.  With respect to the March 6, 2001, order, defendants contend that we do not have jurisdiction to review that order because plaintiff erred in designating the correct date of that order in his notice of appeal, identifying it as an order from "February 27, 2001," rather than from March 6, 2001.  Alternatively, defendants argue that we do not have jurisdiction to review that order because that order was an agreed order, which is therefore not appealable.  With respect to the August 8, 2001, order, defendants contend that we do not have jurisdiction to review that order because plaintiff failed to designate it in his notice of appeal.  While we disagree with defendants that we do not have jurisdiction over the March 6, 2001, order because of the misdesignation of the date, we agree with their contentions that the March 6, 2001, order was unappealable because it was entered as an agreed order, and that we likewise lack jurisdiction to review the August 8, 2001, because it was not designated in any manner whatsoever in the notice of appeal.    

We note that the purpose of a notice of appeal is to inform the party who prevailed in the trial court that the opposing party has requested review of the judgment complained of and seeks relief from it.  See 
Ruane v. Amore
, 287 Ill. App. 3d 465, 470, 677 N.E.2d 1369, 1374 (1997).  Therefore, Illinois Supreme Court Rule 303(b)(2) makes clear that an appellant's notice of appeal must "specify the judgment or part thereof *** appealed from and the relief sought from the reviewing court," so as to alert the prevailing party to the judgment from which appeal is being taken.  155 Ill. 2d R. 303(b)(2); 
Ruane
, 287 Ill. App. 3d at 470, 677 N.E.2d at 1374.  Our courts have consistently held that, although a notice of appeal is to be liberally construed, if the appellant fails to designate an order he is appealing from in his notice of appeal, the appellate court cannot consider that order upon review.  See 
In re Custody of Roberts
, 107 Ill. App. 3d 913, 919, 438 N.E.2d 658, 662 (1982); accord 
In re Marriage of King
, 336 Ill. App. 3d 83, 86, 783 N.E.2d 115, 118 (2002) (appellate court has jurisdiction to consider "only the judgments or parts thereof specified in the notice of appeal"); 
Perry v. Minor
, 319 Ill. App. 3d 703, 708, 745 N.E.2d 113, 118 (2001).  
   

As to defendants' first argument with respect to the March 6, 2001, order, namely, that we do not have jurisdiction over that order because of the misdesignated date of that order as February 27, 2001, we disagree that this error was fatal.  While the order is described by the incorrect date, it is sufficiently identified by its content.  The notice of appeal states that plaintiff appeals "from each and every order and judgment in this action, whether written or oral, including but not limited to: *** the Order dismissing his claim of negligence against [Price] *** issued on February 27, 2001."  The order dismissing the negligence claim against Price, though dated February 27, 2001, was actually entered by the trial court on March 6, 2001.  However, under a liberal construction, this simple technical mistake would not deprive us of jurisdiction to review the March 6, 2001, order.  As noted, the notice of appeal did provide sufficient identification of the order through a description of its content.  Moreover, there can be no mistake that it sufficed to actually alert these defendants since they concede in their briefs that they knew that plaintiff's reference in the notice of appeal to the "February 27, 2001," order really meant the March 6, 2001, order.  See 
HPI Health Care Services, Inc. v. Mount Vernon Hospital, Inc.
, 172 Ill. App. 3d 718, 726, 527 N.E.2d 97, 103 (1988), 
aff'd in part, rev'd in part on other grounds
, 131 Ill. 2d 145 (1989) (the appellant's reference to incorrect order in notice of appeal did not divest reviewing court of jurisdiction where body of notice expressly addressed correct order); see also 
Kaporovskiy v. Grecian Delight Foods, Inc.
, 338 Ill. App. 3d 206, 208, 787, N.E.2d 268, 270 (2003).  

However, we agree with defendants' second argument here, namely, that we do not have jurisdiction to review the March 6, 2001 order, because it is an agreed order.  Our law is clear that once an agreed order is entered, it is not appealable unless it was the result of fraud, coercion or inequities between the parties.  See 
Olsen v. Staniak
, 260 Ill. App. 3d 856, 861, 632 N.E.2d 168, 173 (1994) ("an order entered by agreement of the parties is not subject to appellate review"); accord 
Berymon v. Henderson
, 135 Ill. App. 3d 858, 864, 482 N.E.2d 391, 395 (1985).  Here, the trial court entered two orders on March 6, 2001.  The first was based on the stipulation to dismiss entered into by defendants Griffin and Enterprise and plaintiffs Diane, Sarah, Robin and Kelly, dismissing the claims of plaintiff's wife and children against these defendants, but noting that plaintiff's claims against Griffin and Enterprise would remain pending.  The second order entered on March 6, 2001, was the order dated February 27, 2001, submitted by plaintiff himself and stating that, based on the stipulation to dismiss as agreed to by the parties, the

"action is dismissed with prejudice pursuant to settlement with regard to Plaintiffs, DIANE, KELLY, SARA [
sic
] and ROBYN [
sic
], 
and James
 McGATH, and Defendants KIMBERLY PRICE and STATE FARM INSURANCE COMPANY only.  The *** matter continues with regard to JAMES McGATH and GLADYS GRIFFIN and ENTERPRISE LEASING COMPANY OF CHICAGO only." (Emphasis added.)

Although the "
and James
" portion of the order was handwritten and there is no attorney name listed, plaintiff does not deny that he submitted this order to the trial court.  Tellingly, the record shows that upon the trial court's entry of this agreed order dismissing plaintiff's claim against Price and State Farm, plaintiff sent a copy of the entered order to Price's attorney and received $25,000, Price's full policy limit, from State Farm.  Moreover, no party ever challenged this agreed order before the trial court, and plaintiff does not now allege that the order was the result of fraud or coercion.  Thus, the March 6, 2001, order is an agreed order and, therefore, is not subject to appellate review.  See 
Olsen
, 260 Ill. App. 3d at 861, 632 N.E.2d at 173; 
Berymon
, 135 Ill. App. 3d at 864-65, 482 N.E.2d at 395-96 (order held to be an agreed order where it recited agreement between parties rather than a judicial determination of their rights, no written or oral objections were filed by any party, there was no indication that order was entered over the plaintiff's objection, and the parties followed the procedures set forth in order).

Turning to the August 8, 2001, order granting summary judgment in favor of Griffin on plaintiff's agency claim, we agree with defendants that plaintiff's failure to list that order in his notice of appeal is fatal to the reviewability of that order on appeal.  Again, we note that the purpose of a notice to appeal is to inform the prevailing party of the order the appellant complains of, and that, accordingly, the notice of appeal must list and specify that judgment from which the appeal is taken.  See 155 Ill. 2d R. 303(b)(2); 
Ruane
, 287 Ill. App. 3d at 470, 677 N.E.2d at 1374; accord 
King
, 336 Ill. App. 3d at 86, 783 N.E.2d at 118 (appellate court has jurisdiction to consider "only the judgments or parts thereof specified in the notice of appeal").  Here, the record is clear that plaintiff's notice of appeal does not specify or refer to the August 8, 2001, order in any manner.  
While we recognize that this failure to specify an order in a notice of appeal is not always fatal to our review of that order, our jurisdiction is preserved only with respect to such prior unspecified orders that are 
a " 'step in the procedural progression leading' " to an order that is specified in the notice of appeal.  
Dalen v. Ozite Corp.
, 230 Ill. App. 3d 18, 23, 

594 N.E.2d 1365, 1367-68 (1992), quoting 
Burtell v. First Charter Service Corp.
, 76 Ill. 2d 427, 435 (1979); accord 
Perry
, 319 Ill. App. 3d at 708-09, 745 N.E.2d at 118 ("a notice of appeal need not designate a particular order to confer jurisdiction, so long as the order that is specified directly relates back to the judgment or order from which review is sought").  Here, the August 8, 2001, order which was not specified in the notice of appeal came after the March 6, 2001, order which was specified in the notice of appeal.  Thus, the August 8, 2001, order cannot be deemed to have been a step in the procedural progression leading to the March 6, 2001, order, and therefore, our jurisdiction over the August 8, 2001, order is lost.  

The case of 
La Salle National Bank v. City Suites, Inc.
, 325 Ill. App. 3d 780, 758 N.E.2d 382 (2001),
 is directly on point.  
In that case, the appellant's notice of appeal specified that appeal was being sought from two orders: an August 11, 1998, order dismissing several counts of the appellant's complaint, and a January 14, 1999, order affirming the grant of a special use application with respect to a parcel of land.  However, on appeal before the reviewing court, the appellant claimed that he was also seeking review of a third order which the trial court had entered on February 3, 1999, denying its motion to reconsider the prior January 14, 1999, order.  The 
La Salle
 court determined that it did not have jurisdiction to review the February 3, 1999, order.  The court concluded that the February 3, 1999, order was not "a step in the procedural progression" because that order, which was not listed in the notice of appeal, was entered after the January 14, 1999, order which was listed in the notice of appeal; since the earlier 
specified order could not logically be deemed to "relate back" to a subsequent unspecified order, appellate jurisdiction over the unspecified order was lost.  See 
La Salle
, 325 Ill. App. 3d at 785-86, 758 N.E.2d at 386-87.   

In the instant case, as in 
La Salle
, the August 8, 2001, order does not meet the exception that would confer jurisdiction upon us to review that unspecified order.  The August 8, 2001, order grants summary judgment in favor of Griffin on the vicarious liability claim, finding that because plaintiff dismissed Price, the alleged agent, no liability could remain against Griffin, the alleged principal.  The only order specified in the notice of appeal that relates to this issue is the March 6, 2001 (February 27, 2001), order dismissing the negligence claim against Price.  While the August 8, 2001, order with respect to Griffin may have resulted from the March 6, 2001, order relating to Price, it cannot be deemed to be a step in the procedural progression that led to the entry of the March 6, 2001, order in the first instance.  See 
La Salle
, 325 Ill. App. 3d at 785-86, 758 N.E.2d at 386-87; see also 
Dalen
, 230 Ill. App. 3d at 23, 594 N.E.2d at 1367-68
.

Plaintiff contends that his appeal from the August 8, 2001, order is in accord with the exception noted above because his notice of appeal does identify an appeal from a subsequent order entered on June 12, 2002, which granted summary judgment in favor of Griffin on the negligent entrustment claim.  Plaintiff argues that if the August 8, 2001, order cannot be said to be a step in the procedural progression leading to the March 6, 2001, order, it is a step in the procedural progression vis-a-vis the June 12, 2002, order.  We wholeheartedly disagree with this contention.  There is no tie or connection between the August 8, 2001, order and the June 12, 2002, order sufficient to characterize the August 8, 2001, order as a step in the procedural progression leading to the June 12, 2002, order.  The two orders deal with totally different subject matters and claims involved in the instant case: the August 8, 2001, order grants summary judgment to Griffin on the vicarious liability claim while the June 12, 2002, order grants summary judgment to Griffin on the negligent entrustment claim.  It is not enough merely that the unspecified order precedes the specified order.  Rather, the two orders must be sufficiently intertwined so as to make the preceding unlisted order a step in the procedural progression leading to the subsequent identified order.  This is truly not the case here.  See 
Edward E. Gillen Co. v. City of Lake Forest
, 221 Ill. App. 3d 5, 11, 581 N.E.2d 739, 742-43(1991).  

In 
Gillen
, the plaintiff sued the same defendant on different counts arising from the plaintiff's construction of a breakwater on behalf of the defendant.  The first count involved a claim for unjust enrichment in that the defendant was attempting to benefit from the breakwater without compensating the plaintiff.  The second count sought consequential damages resulting from the defendant's conduct in delaying the construction of the breakwater, thereby causing the plaintiff's tugboat to encounter high seas and sink.  The trial court entered an order dismissing the unjust enrichment count and later granted summary judgment in favor of the defendant on damages claim related to the sinking.  The plaintiff asked the reviewing court to address both orders; the defendant, however, pointed out that the plaintiff's notice of appeal mentioned only the order granting summary judgment related to the sinking, and not the dismissal of the unjust enrichment count.  In response, the plaintiff contended that the prior order was reviewable because it was a step in the procedural progression leading to the order specified in the notice of appeal that granted summary judgment.  The 
Gillen
 court disagreed with the plaintiff and found that it did not have jurisdiction over the order addressing unjust enrichment.  The subject matter of that prior unspecified order concerning unjust enrichment for constructing the breakwater was not sufficiently related to the subject matter of the subsequent specified order concerning damages related to the sinking
.  Accordingly, the 
Gillen
 court held that the prior unspecified order could not be "a step in the 'procedural progression' " leading to the order appealed from, and thus, it did not have jurisdiction to hear that prior order.  
Gillen
, 221 Ill. App. 3d at 11, 581 N.E.2d at 743; see also 
In re Marriage of Marriott
, 264 Ill. App. 3d 23, 35-36, 636 N.E.2d 1141, 1149-50 (1994) (reviewing court had no jurisdiction over prior order simply because latter order was specified in notice of appeal; where prior order dealt with termination of temporary maintenance and later order was judgment on dissolution of marriage, these orders addressed "independent" matters in the proceedings, and mentioning only later order in notice of appeal did not confer appellate jurisdiction over prior order); 
In re Marriage of Parker
, 216 Ill. App. 3d 672, 679-80, 575 N.E.2d 938, 942-43 (1991) (where notice of appeal contained no reference to prior order vacating portion of property settlement agreement related to valuation of stock but only to later order dissolving marriage and denying motion to reconsider, appellate court did not have jurisdiction to review prior order because its subject matter was not related to that of later order).

In the instant case, our jurisdiction over the August 8, 2001, order is not invoked simply because plaintiff mentioned the June 12, 2002, order in his notice of appeal.  As noted, the August 8, 2001, order granted summary judgment in favor of Griffin on the vicarious liability count, while the June 12, 2002, order granted summary judgment in favor of Griffin on the negligent entrustment count.  Clearly, the subject matter of the two orders was not related: the question of Griffin's vicarious liability and alleged agency relationship with Price was independent of a  determination as to whether Griffin knew or should have known that Price was a reckless driver before entrusting the vehicle to her.  The trial court's ruling on the former in the August 8, 2001, order did not represent a determination in any respect to any question bearing on its ruling in the latter June 12, 2002, order.  Thus, it cannot be said that plaintiff's reference in his notice of appeal to the June 12, 2002, order addressing Griffin's negligent entrustment would have alerted defendants to his intent to seek relief from the unspecified August 8, 2001, order addressing Griffin's vicarious liability.  Therefore, we find, contrary to plaintiff's contention, that plaintiff's reference to the June 12, 2002, order in his notice of appeal does not confer jurisdiction upon us to review the August 8, 2001, order.

Accordingly, we do not have jurisdiction to review either the March 6, 2001 (February 27, 2001), order of the trial court dismissing plaintiff's negligence claim against Price, or the August 8, 2001, order of the trial court granting summary judgment in favor of Griffin on plaintiff's vicarious liability claim based on Griffin's alleged agency relationship with Price.  

Since we do not have jurisdiction over either the March 6, 2001, order or the August 8, 2001, order, we need not address the merits of plaintiff's contentions with respect to the issue of whether his alleged settlement with Price as the agent, and State Farm as her insurance carrier, extinguished any potential vicarious liability on the part of the principal, Griffin.  We only note here that there appears to be a conflict among jurisdictions concerning this issue.  See 
Sterling v. Rockford Mass Transit District
, 336 Ill. App. 3d 840, 850, 784 N.E.2d 880, 888 (2003) (holding that 
a claim against a defendant-employer based on vicarious liability was not barred even though the plaintiffs voluntarily dismissed from the suit the employee whose actions resulted in injury to the plaintiffs, because court concluded that 
this dismissal was personal only as to the employee in that it was not based on the merits), and
 
Brady v. Prairie Material Sales, Inc.
, 190 Ill. App. 3d 571, 583-84, 546 N.E.2d 802, 810 (1989) (suit against employer based on vicarious liability was not discharged even though the plaintiff entered into a settlement with employee who caused injury because that settlement was held to be personal to the employee only); but see 
Bristow v. Griffitts Construction Co.
, 140 Ill. App. 3d 191, 193, 198, 488 N.E.2d 332, 334, 338 (1986) (holding that, in exchange for $20,000, the plaintiffs' release of an employee-driver who caused their injuries extinguished the plaintiffs' right to then seek recovery from the driver's employer based on a vicarious liability theory), and 
American National Bank & Trust Co. v. Columbus-Cuneo-Cabrini Medical Center
, 154 Ill. 2d 347, 355 (1992) (adopting holding and reasoning of 
Bristow
 to conclude that "any settlement between the agent and the plaintiff must also extinguish the principal's vicarious liability").  We tend to favor the line of authority as exhibited by 
Bristow
, wherein that court reasoned that if liability against the principal were not extinguished by a plaintiff's settlement with the agent, the agent would remain liable to indemnify the principal as to any recovery that the settling plaintiff would obtain from the principal.  See 
Bristow
, 140 Ill. App. 3d at 193, 198.  Such a result would render
 the very settlement between the agent and the plaintiff illusory and of no real benefit to the agent.  See 
Bristow
, 140 Ill. App. 3d at 193, 198, 488 N.E.2d at 334, 338.  However, we need not make a final determination on this issue since, as we have pointed out, we lack jurisdiction to review the merits of this argument in relation to the instant case since the order that would invoke this issue on review was not included in the notice of appeal.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court.

Affirmed.

O'MALLEY, and SMITH, J.J., concur.

FOOTNOTES
1:
Another vehicle and its passengers were also involved in this incident and sustained injuries.  However, they are not involved in this appeal.